### In re HUMPHREY.

### Civ. No. 1008.

District Court, N. D. Texas,
Dallas Division.

May 9, 1944.

Robert L. Humphrey in pro per.

Clyde Hood, Asst. U. S. Atty., of Dallas, Tex., for the United States.

ATWELL, District Judge.

Humphrey, as an inmate of the United States Public Health Service Hospital at Fort Worth, applied for a writ of habeas corpus on the ground that he was being held illegally. Appropriate orders were granted and the cause set for hearing today.

Testimony develops the fact that on September 24, 1941, the applicant was sentenced to eighteen months in prison for a narcotic violation. The sentence was probated for two years.

On September 29, 1942, the probation was revoked and a ten-year sentence was imposed.

There was no authority for the changing of the sentence, on September 29, 1942. The sentence had been fixed on September 24, 1941. The only appropriate legal order that could have been entered was to require its service when the terms of probation were violated. If there could have been any differences in the construction of the Act, 18 U.S.C.A. § 724 et seq., the judicial interpretation thereof has pointed, for sometime, in the very appropriate direction taken by the Supreme Court in Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113. There is no authority to change the sentence first imposed. Other earlier cases supporting this very practical and humane construction, are, United States v. Kirkland, 5 Cir., 57 F.2d 863; Trant v. United States, 7 Cir., 90 F.2d 718; Hollandsworth v. United States, 4 Cir., 34 F.2d 423; United States v. Benz, 282 U.S. 304, 51 S. Ct. 113, 75 L.Ed. 354, and United States v. Symonette, 5 Cir., 57 F.2d 863.

The eighteen months that was legally imposed on September 24, 1941, having expired, the applicant is discharged from further custody.