**UNITED STATES of America,**
**Appellee,**

v.

**Chester William STUPAK, Appellant.**

No. 15834.

United States Court of Appeals Third Circuit.

Argued June 14, 1966.

Decided July 14, 1966.

Paul E. Moses, Pittsburgh, Pa., for appellant.

Nick S. Fisfis, Asst. U. S. Atty., Pittsburgh, Pa., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for appellee.

OPINION

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, Senior District Judge.

PER CURIAM.

The appellant was tried and convicted on a single count information charging him with the willful failure to pay the special wagering tax imposed by § 4411 of Title 26 U.S.C.A. The offense is a misdemeanor for which the maximum term of imprisonment is one year. 26 U.S.C.A. § 7203. The judgment entered on the conviction reads as follows:

"It is adjudged that the defendant pay a fine of $2,500 and the costs of

these proceedings, and that you be sentenced to confinement in the custody of the Attorney General or his authorized representative *for a period of four months, and that thereafter you be placed on probation for a period of two years.*" (Emphasis added).

This judgment requires the appellant to continue under probationary supervision after he has completed service of the term of imprisonment.

After the conviction was affirmed, 3 Cir., 345 F.2d 532, the appellant filed a motion for the modification and correction of sentence. Fed.Rules Crim. Proc., rule 35, 18 U.S.C.A. He contended before the court below, as he does here, that the portion of the judgment relating to the term of probation was invalid and a nullity. The motion was denied but the court reduced the probationary period to eight months. The present appeal is from the denial of the motion.

 The district court is empowered to suspend either the imposition or execution of sentence and grant probation but only under the terms and conditions prescribed by § 3651 of Title 18 U.S.C.A. Cf. Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928). Where, as here, a defendant is convicted on a single count information or indictment, the court "may impose a sentence in *excess of six months* and provide that the defendant be confined in a jail-type institution * * * for a period *not exceeding six months* and that the *execution of the remainder of the sentence be suspended and the defendant placed on probation* for such period [and time] and upon such terms and conditions as the court deems best." (Emphasis added). This provision is applicable, except in capital cases, if the offense involved is punishable by a term of imprisonment of "more than six months."

It is clear that under the statute the court may: impose a term of imprisonment of more than six months; order that part of it be served; and, suspend the execution of the remainder and place the defendant on probation. The court may not require a defendant to submit to probationary supervision unless the execution of part of his prison term is suspended. Cf. McHugh v. United States, 230 F.2d 252, 255 (1st Cir. 1956), cert. den. 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486. As a prerequisite to an order of probation the execution of part of the prison sentence must be suspended. Absent such a suspension the authority of the court over the defendant during the period of probation is lacking. The statutory conditions were not met in the instant case. The probation order was therefore invalid.

The action will be remanded to the court below with directions to vacate the probation orders of October 5, 1964 and February 1, 1966.