**UNITED STATES of America,**
Appellee,

v.

**Doyle E. RAFTIS, Vernon F. Hawkins,**
Appellant,

**Thomas M. Bugg, Curt Martin, Melville W. Ahlmeyer, Hildreth M. Kniss, Raymond P. Guzy.**

No. 20197.

United States Court of Appeals, Eighth Circuit.

June 16, 1970.

Henry G. Morris, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and James M. Gordon, Asst. U. S. Atty., for appellee.

Before MATTHES, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Appellant Vernon F. Hawkins, whose conviction on eighteen counts of mail fraud we affirmed on direct appeal, *sub nom.* Raftis v. United States, 364 F.2d 948 (8th Cir. 1966), sought release from the burdens of part of his sentence in the United States District Court for the Eastern District of Missouri through a Federal Rules of Criminal Procedure 35 motion for modification and correction of the sentence. The district court denied relief, and he appealed.

Hawkins urges that following his conviction the trial court pronounced sentences which in legal effect were concurrent rather than consecutive. We review those sentences and his service of them.

Following his jury trial, the federal district judge sentenced Hawkins on the first nine counts to three years in the custody of the Attorney General. Appellant places no present objection to these convictions nor to his confinement thereunder. On the additional nine counts, the trial judge sentenced Hawkins to serve two years concurrently on each count in the custody of the Attorney General. The court added this directive:

> However, the Court will grant probation as to these [nine] charges, which probation will begin at the end of the service of three years imposed concurrently * * * [on the first nine counts].

The judgment of conviction, referring to probation for the latter nine counts, reads:

> * * * [S]aid defendant sentenced to two (2) years imprisonment under each of Counts * * * [15 through 23], terms to run concurrently with each other; execution of sentence * * * suspended and defendant placed on probation thereunder for two (2) years, such period of probation to begin at the expiration of the concurrent terms imposed upon defendant under each of Counts 1, 4, 5, 8, 9, 10, 11, 12 and 13.

Hawkins commenced service of his three-year concurrent sentences on October 23, 1966. He received a parole from the federal institution at Terre Haute, Indiana, on April 1, 1968. Following the passage of three full years from the commencement of those sentences, that is on October 23, 1969, he began the two-year probationary period resulting from his conviction on counts fifteen through twenty-three.

■ Appellant claims a material variance exists between the oral pronouncement of his sentence and the written judgment; that the oral pronouncement controls and its legal effect entitled him to concurrent running of all sentences on all counts. While an oral pronouncement prevails over a contrary judgment which may be entered, Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936); United States v. Morse, 344 F.2d 27, 29 n. 1 (4th Cir. 1965); and although the law construes ambiguous language in a sentence pronouncement favorably to a prisoner, Gaddis v. United States, 280 F.2d 334, 336 (6th Cir. 1960), points which the government concedes, these rules avail Hawkins naught for we perceive no inconsistency between the oral pronouncement of sentences and the judgment here.

■ As we understand Hawkins' contention, the failure of the district judge to use the precise term "consecutive" and his failure to expressly "suspend" the execution of the sentence upon the questioned nine counts entitled the petitioner to serve the two-year probationary period concurrent with the three-year sentences. Such contention is untenable. The clear import of the judge's language reflects suspension in fact in the execution of the two-year sentences relating to the second nine-count group of convictions until after the three-year term imposed upon the first nine ended. McHugh v. United States, 230 F.2d 252 (1st Cir.), cert. denied, 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486 (1956), supports our view that the intent to suspend the sentence flows from the language used in the verbal pronouncement of the sentence and that impreciseness of language will not negate the court's obvious intent.

Hawkins relies upon Gaddis, supra, 280 F.2d 334, in which the Sixth Circuit interprets sentencing language confining the defendant to one year on the first count and suspending sentence for two years on the second count as requiring his confinement and the probation to run concurrently. That opinion specifically rests on the proposition that the " * * * absence of express language in the pronouncement of sentence fixing the date of commencement of probation * * * " requires a finding that its commencement was contemporaneous with imposition of the sentences. Gaddis, supra, 280 F.2d 336.

 

The sentencing judge here, however, expressly stated that probation " * * * will begin at the end of the service of three years. * * * "

United States v. Stupak, 362 F.2d 933 (3d Cir. 1966), cited by appellant, is inapposite. It relates to an unauthorized splitting of a sentence between confinement and probation contrary to the mandate of 18 U.S.C. § 3651.

The district court properly denied Hawkins' motion, and we affirm.