Charles **JACKSON**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 2422.

Supreme Court of Alaska.

Oct. 9, 1975.

---

Timothy J. Rogers, Asst. Public Defender, Kenai, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

BOOCHEVER, Justice.

When this case was initially presented to us, the sole issue involved was whether a sentence providing in part for 14 years of probation was excessive. During oral argument, reference was made for the first time to AS 12.55.080 and 12.55.090 dealing with the suspension of sentences and a five-year maximum period of probation. We requested additional briefing and now have before us for determination not only the question of whether the initial sentence was excessive, but also that of the relationship between the statute authorizing suspension of a sentence and that providing for probation.

On September 26, 1974, Charles Jackson, who was 18 years of age at the time, pleaded guilty to the charge of burglary of a dwelling house in violation of AS 11.20.-080.[1] The burglary was committed at

---

1. AS 11.20.080 specifies in part:

A person who breaks and enters a dwelling house with intent to commit a crime in it, or having entered with that intent, breaks a dwelling house . . . is guilty of burlary, and upon conviction is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years.

However, if the burglary is committed at nighttime, it is punishable by imprisonment for not less than one year nor more than 15 years. If a human being is within the dwelling at the time of the burglary during the nighttime or daytime, it is punishable by imprisonment for not less than one year nor more than 20 years.

night during which time the dwelling house was unoccupied. On December 27, 1974, Jackson was sentenced to a term of 15 years with 14 years suspended providing that the defendant abides by the usual conditions of formal probation. The court recommended work release for the defendant. Jackson appeals from that sentence contending that the period of probation is too long thus rendering the sentence for his first adult offense unduly harsh.[2]

Before reaching the issue of whether the sentence was excessive under the general criteria applicable to our review of sentencing, we must first ascertain if the period of suspension and probation[3] exceeded the maximum permissible by statute. AS 12.55.080 provides:

> Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

This section is modified by AS 12.55.-090(c) which specifies that: "The period of probation, together with any extension, shall not exceed five years".

In construing these sections, little assistance can be gleaned from their respective legislative histories. It does appear that the power to suspend sentences was enacted at least as early as 1923,[4] and that AS 12.55.080 and AS 12.55.090 can both be found in ch. 195, § 1 of the Session Laws of Alaska (1955) in substantially their present form. Since both essentially identical sections were enacted together in the 1955 act, we must construe them with reference to each other as in pari materia. Although not mentioned in the briefs filed herein, we note that the Alaska statutes contain provisions very similar to the federal probation provisions set forth in 18 U.S.C.A. § 3651,[5] and we can only assume that they were modelled after the federal act.

Under AS 12.55.080, a court may suspend the execution of the balance of a sentence or portion thereof and may additionally place the defendant on probation "for a period and upon the terms and conditions as the court considers best". That period of probation, however, is specifically delimited by AS 12.55.090(c) to a maximum of five years.[6]

Accordingly, the trial court exceeded its authority in placing the defendant on probation for a period in excess of five years. There remains for our consideration, however, the question of whether the suspension of sentence for 14 years likewise falls under the five-year maximum

2. Jackson was involved in various other serious difficulties as a juvenile.

3. Probation is defined in AS 33.05.080(1) as a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the superior court subject to conditions imposed by the court and subject to the supervision of the probation service as hereinafter provided . . . .

4. SLA ch. 54 § 1 (1923).

5. 18 U.S.C.A. § 3651 specifies in part:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as

the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best. . . .

> The period of probation, together with any extension thereof, shall not exceed five years.

6. We note that the American Bar Association Standards Relating to Probation, Approved Draft, 1970, contains an identical five-year limitation on probationary periods. Part 1.1 (d) of the Standards specifies:

> Neither supervision nor the power to revoke should be permitted to extend beyond a legislatively fixed time, which should in no event exceed two years for a misdemeanor or five years for a felony.

provision. Probation involves placing the defendant under the supervision of the probation department. The probation officer must keep himself informed concerning the conduct and condition of probationers and use all suitable methods to aid them and to bring about improvements in their conduct and condition.[7] Suspension of sentence without probation does not involve such supervision.[8]

To the extent of the period of time under which one is threatened with revocation, a suspended sentence carries with it the mental burdens of a period of probation. The same reasons for preventing one from living indefinitely under such a cloud apply both to the period of probation and the time during which a suspended sentence may be revoked. We conclude that when the Alaska legislators provided that a court "may suspend the imposition or execution . . . of the sentence . . . and place the defendant on probation . . ."[9] that the period during which a suspended sentence may be revoked is subject to the same five-year restriction as the period of probation.

This conclusion is bolstered by cases construing the analogous federal provisions of 18 U.S.C.A. § 3651. In *Sanford v. King,* 136 F.2d 106, 108 (5th Cir. 1943), it was held that a judge could impose sentence after the probationary period only for a violation occurring within that period, and that if a defendant lives up to the conditions of probation for the required period, he will then be a free man. In

*United States v. Sams,* 340 F.2d 1014, 1019–20 (3rd Cir. 1965), *cert. denied,* 380 U.S. 974, 85 S.Ct. 1336, 14 L.Ed.2d 270 (1965), it was held that the court could not suspend execution of a term of imprisonment without placing the defendant on probation for a specified period. Similarly, in *United States v. Ellenbogen,* 390 F.2d 537, 541 (2nd Cir. 1968), it was held that a court "has no power to suspend a sentence without also imposing a term of probation". In *United States v. Graham,* 325 F.2d 922, 925 (6th Cir. 1963), it was held that a portion of a sentence ordering two years imprisonment suspended was invalid for failure to place defendant on probation for a specified period. Thus, under the federal statute, a sentence may not be suspended without placing a defendant on probation, and the maximum period of probation is five years. The power to revoke the sentence is thus limited to five years.

Upon a violation occurring within the specified period of probation, the court is empowered to order execution of the sentence up to but not beyond the maximum period originally specified.[10]

As applied to Jackson's case, therefore, the maximum period that he may be placed on probation is five years, and the power to revoke his sentence is similarly limited to violations occurring within that period.

Accordingly, we hold that, insofar as Jackson's probationary period as ordained by the original sentencing decree was in

---

7. AS 33.05.040(2) and (3).

8. "Guidelines for Sentencing: Narcotics and Dangerous Drugs," A Report of Special Committee of National Conference of State Trial Judges, Judge Donald R. Fretz, Superior Court, California, Chairman (1972), in *Sentencing and Probation,* National College of the State Judiciary (1973) at 339 states: A suspended sentence alone does not permit supervision of the defendant; probation does involve supervision of the convicted offender; a suspended sentence with probation would have both effects.

9. AS 12.55.080 quoted at Page 3, *supra.*

10. *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943); *United States v. Nagelberg,* 413 F.2d 708 (2nd Cir. 1969); *Williams v. United States,* 310 F.2d 696 (7th Cir. 1962); *Palmer v. Sanford,* 57 F.Supp. 104 (N.D.Ga.1944), *aff'd,* 5 Cir., 147 F.2d 549, *cert. denied,* 325 U.S. 878, 65 S.Ct. 1555, 89 L.Ed. 1995 (1945); *In re Humphrey,* 55 F.Supp. 221 (N.D.Tex.1944).

excess of the maximum permitted by law, the case must be remanded for resentencing as to the term of probation.

There remains for our consideration the question as to whether the 14 years suspended sentence is excessive.[11] Since the court was doubtlessly motivated in imposing such a lengthy sentence by the assumption that Jackson would be under probation for that period of time; it may well wish to modify the period of the sentence in view of this opinion. We, therefore, shall not pass on that issue.

Reversed.

---

11. There is no argument pertaining to the imposition of the one-year jail sentence and the work release recommendation which was joined in by the District Attorney and the probation officer.