**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peter Alexander MAKRES, a/k/a Jerome K. Callahan,
Defendant–Appellant.**

**No. 87–1756.**

United States Court of Appeals,
Seventh Circuit.

July 13, 1988.

Edward H. Salomon, Chicago, Ill., for defendant-appellant.

Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, CUDAHY and POSNER, Circuit Judges.

CUDAHY, Circuit Judge.

Six years ago defendant Peter Makres pleaded guilty to sixteen counts of knowingly transporting falsely made or forged checks, in violation of 18 U.S.C. section 2314. At his sentencing hearing, Judge Getzendanner sentenced him to two concurrent one-year terms in the work release program at the Metropolitan Correctional Center (the "MCC") in Chicago. On the remaining fourteen counts, she sentenced him to concurrent terms of five years' probation, with the condition that he undergo psychiatric therapy.

The sentence seems mild, considering the crimes and Makres' twenty-two year history of repeated criminal activity. The judge recognized this at the time, saying that "this crime is a 15–year crime, with this record." *United States v. Makres*, Nos. 82 CR 834, 82 CR 848, 83 CR 8, transcript at 12 (Feb. 16, 1983) (hereinafter "1983 Transcript"); *see also id.*, transcript at 14 (May 7, 1987) (hereinafter "1987 Transcript") (sentence was "incredibly lenient"). Indeed Makres' attorney called the sentence a "wonderful surprise." 1983 Transcript at 14.

The lenient sentence resulted from one unique circumstance. Makres' young stepson had a history of emotional problems and was in fact suicidal. The child's psychiatrist felt that the stepson would almost certainly kill himself in the absence of his father figure, the defendant. *See* 1987 Transcript at 14. Apparently for that reason alone Judge Getzendanner gave Makres probation on most of the counts.

The judge was not optimistic that Makres would stay out of trouble. *See* 1983 Transcript at 17 ("the probabilities of ... Mr. Makres successfully completing the program are low"); *id.* at 21 ("I am not optimistic."). Still she felt the risk was worth taking. The offenses were non-violent, and the potential benefit of saving the child outweighed the possibility of further crimes. *See id.* at 17. The defendant was forty-seven years old in 1983. As his attorney acknowledged, Makres knew that if he violated his probation his sentence would be increased substantially; he would "spend the rest of his life behind bars." *Id.* at 15. He knew that this was his last chance. The judge told the parties that "if the defendant were to mess up again, the probation would easily and readily be revoked." *Id.* at 7.

In May 1985, while serving time at the MCC for an unrelated parole violation and while on probation from Judge Getzendanner, Makres failed to return from a furlough. On December 22, 1986, he was arrested in Birmingham, Alabama, and charged with possession of child pornography. The police seized explicit photographs of the defendant engaging in sexual conduct with his minor stepson. Judge Getzendanner revoked probation as to four of the counts and scheduled resentencing for May 7, 1987. At the resentencing, the judge sentenced Makres to consecutive ten-year terms, the statutory maximum, on three of the counts. On the final count, she added another five-year probation, consecutive to the jail term.

Makres appeals, asserting that a technical flaw in his original sentencing deprived the court of the power to resentence him when his probation was revoked. Judge Getzendanner, in her oral pronouncement of sentence, failed to state specifically that imposition of sentence was suspended on the counts for which she imposed probation. *See id.* at 18. This alleged defect was corrected in the written sentencing order. *See* Brief of Defendant–Appellant at A–4.

Some review of the governing statutes is necessary for an understanding of Makres'

argument. The statute empowering courts to impose probation begins:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court ... may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

18 U.S.C. § 3651 (1985). If the defendant violates a condition of his or her probation, "the court may revoke the probation and require him to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (1985).

Makres argues that Judge Getzendanner did not suspend his sentence on counts II through V, the counts on which he was resentenced. The oral sentence prevails over a conflicting written sentencing order, *see, e.g., United States v. Villano,* 816 F.2d 1448, 1450 (10th Cir.1987) (en banc), and Makres says the sentences conflict. If Judge Getzendanner had suspended imposition of sentence, then section 3653 would allow her on revocation of probation to impose "any sentence which might originally have been imposed." Because the sentence was not suspended, he contends that the judge could only properly sentence him under section 3653 to "the sentence imposed, or any lesser sentence." Thus, under Makres' reading of the statute, the punishment for revoking his probation is to put him back on probation.[2] That outcome would give an aesthetically pleasing circularity to the proceedings, but would leave much to be desired from the perspectives of deterrence and punishment.

The argument is simple. It is also wrong, although why it is wrong (other than from the standpoint of common sense) may not be clear at first glance. A careful parsing of the relevant statutes, along with the case law interpreting those statutes, will clarify matters. Throughout the discussion, it might be helpful to keep in mind that we are construing silence. The district court did not say, "I am not suspend-

ing imposition of sentence on counts II to V." She was simply silent on the question.

■ That silence, although improper, was not surprising, for reasons that lead to the heart of our analysis. When Makres raised his argument against resentencing authority in the 1987 hearing, Judge Getzendanner responded: "We always, when we grant probation, suspend imposition of sentence." 1987 Transcript at 16. What she did not point out, and what neither party apparently realized,[1] was that she was *required* to suspend the imposition or execution of sentence when ordering probation. Section 3651 allows the court to "suspend the imposition or execution of sentence *and* place the defendant on probation." 18 U.S.C. § 3651 (emphasis added). Just as a court cannot suspend imposition of sentence without placing the defendant on probation, *e.g., United States v. Ellenbogen*, 390 F.2d 537, 541 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed. 2d 206 (1968), it cannot impose probation without suspending imposition or execution of at least part of the sentence. *United States v. Guevremont*, 829 F.2d 423, 427 (3d Cir.1987); *United States v. Stupak*, 362 F.2d 933, 934 (3d Cir.1966); *McHugh v. United States*, 230 F.2d 252, 255 (1st Cir.), *cert. denied*, 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486 (1956). "[A] sentence of probation imposed without a suspended sentence is an illegal sentence." *Guevremont*, 829 F.2d at 427; *see also Stupak*, 362 F.2d at 934. The sentence imposed by Judge Getzendanner was thus arguably illegal. If that is the case, we must vacate the sentence and remand the cause to the district court for resentencing. *See* Fed.R. Crim.P. 35(a) ("The court may correct an illegal sentence at any time."); *see also Guevremont*, 829 F.2d at 427 (remanding for new sentence).

■ Our inquiry might end with *Guevremont* but for the fact that the Third Circuit's reasoning is not totally consistent with that of other circuits. We agree that a court may not impose probation without suspending the sentence. We do not, however, agree with the *Guevremont* court's implicit holding that *silence* on the question whether the sentence is suspended must be construed to mean the sentence was *not* suspended. At least two other circuits have held that suspension of imposition or execution of a sentence may be implicit in the sentencing court's judgment. *See United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir.1970); *McHugh*, 230 F.2d at 255.

*McHugh* is closely analogous to this case. The district court in that case neglected to note specifically that it was suspending imposition of sentence. Indeed, unlike the case before us, the suspension was not noted in the written judgment. *McHugh*, 230 F.2d at 253. The court discussed the statutory framework, concluding that the sentence must be suspended before entry of probation. The court then continued:

> We do not believe, however, that it necessarily follows that there can be a suspension in fact only where the court makes an express statement to that effect. We think that precise language in the judgment, while much to be desired, is not absolutely essential, and that under certain conditions an intent to suspend may be inferred from the general import of the judgment.

*Id.* at 255; *see also Raftis*, 427 F.2d at 1146 ("the intent to suspend the sentence flows from the language used in the verbal pronouncement of the sentence and ... impreciseness of language will not negate the court's obvious intent").

Allowing a modicum of common sense to enter into the analysis, we agree with the First and Eighth Circuits on this point. This problem is distinguishable from another common sentencing mistake, where a district court fails to specifically note whether multiple sentences are to be served concurrently or consecutively. *See, e.g., United States v. Duncan*, 310 F.2d 367 (7th Cir.1962), *cert. denied*, 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963). In that instance there is no statute requir-

---

1. Indeed, the Assistant United States Attorney somehow failed to cite *any* of the relevant case law construing these statutes. We are chagrined at this failure.

ing sentencing courts to take one path or the other; so we construe silence in favor of the defendant and impose concurrent sentences unless the record contains clear evidence that everyone understood the sentences to be consecutive. *See Duncan*, 310 F.2d at 369.

Here the issue is much simpler. The statute requires that suspension and probation go hand in hand. Looking at the problem in general, it is not likely that a district court ever intends to impose an illegal sentence. Likewise, it is equally unlikely that the typical defendant would believe sentencing was not suspended simply because the judge was silent on the point. That belief would be equivalent to believing that if the defendant violated the terms of probation, no penalty could be imposed other than completion of probation.

The probation statutes contemplate a carrot and stick approach to rehabilitation. The "carrot" is rehabilitation without institutional confinement; the "stick" is "the continuing power of the court to impose institutional punishment for [the] original offense in the event [the defendant] abuse[s] this opportunity." *Roberts v. United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943); *see also United States v. Yancey*, 827 F.2d 83, 87 (7th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988). Makres might want the carrot without the stick, but we do not believe that is what the statute allows, the district court usually intends or the defendant usually understands, even before our consideration of the entire sentencing proceeding in this case. We therefore hold that "the statute contemplates and authorizes the enforcement of an order of probation even in those instances where the judgment incorporates no express language of suspension." *McHugh*, 230 F.2d at 256. Here, of course, the written judgment did contain such express language, but the defendant correctly argues that if the oral and written sentences conflict, the oral language governs.

■ Having held that we *may* infer suspension from silence, we now must determine whether we should do so in this case.

The record of the sentencing proceeding clearly shows that Makres knew that he would spend a long time in prison if he violated his probation. That would, of course, be true only if sentencing were suspended. Judge Getzendanner unambiguously noted (both orally and in the judgment order) the specific counts on which she was imposing probation. Thus, there is no difficulty in this case determining the counts on which the judge suspended sentencing. Given our presumption that suspension of sentencing is usually intended by the judge and understood by the defendant where probation is imposed, and given the clear evidence of that understanding and intent in this case, we find that Judge Getzendanner acted within her authority when she resentenced Makres for violating his probation.

A finding that the district court did not abuse its discretion is not a finding that its handling of the case was exemplary. It is a simple matter to note that imposition or execution of sentence on specific counts is suspended and that the defendant is placed on probation. *See Zaroogian v. United States*, 367 F.2d 959, 963 (1st Cir.1966). Clarity in sentencing will help to reduce appeals and remands for resentencing. Had we found that Judge Getzendanner failed to suspend imposition of Makres' sentence, we would have remanded for resentencing, which would presumably have duplicated his present sentence. We need not remand here because suspension is fairly inferred from the record. Nonetheless we remind the district courts to be clear so that we may avoid this sort of needless multiplication of proceedings.

AFFIRMED.