**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jefferson William DAVIS,
Defendant–Appellant.**

No. 87–8970.

United States Court of Appeals,
Eleventh Circuit.

Oct. 7, 1988.

Paul S. Kish, Federal Public Defender, Atlanta, Ga., for defendant-appellant.

William McKinnon, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

PER CURIAM:

Jefferson Davis appeals the district court's denial of his motion to correct an illegal sentence. For the reasons which follow, we affirm.

I.

On August 6, 1985, Davis was convicted of impersonating an IRS agent in violation of 18 U.S.C. § 912. At the time of his conviction, Davis had spent two and a half months in federal custody. After being convicted, Davis filed a $5,000 personal appearance bond and was released to authorities in Clayton County, Georgia, where he was wanted on an outstanding probation violation warrant. Davis returned before the district court on September 10, 1985. Pursuant to 18 U.S.C. § 4205(c),[1] the district court committed Davis to the custody of the Attorney General for a period of study and observation.

In an unpublished opinion issued on May 12, 1986, we affirmed Davis' conviction. *United States v. Davis*, 791 F.2d 939 (11th Cir.1986). On July 15, 1986, after the period of study and observation had ended, Davis was sentenced by the district court as follows:

> Time served, and the defendant is placed upon probation for a period of TWO (2) YEARS and SIX (6) MONTHS, and pay a special assessment of $50.00. The pro-

bated sentence is to commence to run from the expiration of or legal release from any sentence the defendant may be sentenced to serve in the Arizona State Court.

Judgment and Probation/Commitment Order dated 7/15/86.

On July 29, 1987, Davis' probation officer filed a petition to show cause why Davis' probation should not be revoked. The petition alleged that Davis had violated his probation because he had been arrested in Denver, Colorado for unlawfully using a credit card. At a probation revocation hearing, Davis admitted the allegations contained in the petition. Finding that Davis had violated the terms and conditions of his probation, the district court, on October 16, 1987, revoked his probation and committed him to the custody of the Attorney General for thirty months, with no credit for prior time in custody.

Davis subsequently filed a motion to correct his sentence under Fed.R.Crim.P. 35. He contended that the thirty-month sentence was illegal because it exceeded the original sentence imposed on July 15, 1986. The district court denied Davis' motion on December 4, 1987. After Davis filed his notice of appeal, the district court, on March 7, 1988, "amended" its October 16, 1987 revocation order to provide that (1) Davis would serve six months in prison or in a treatment facility, (2) the execution of the remainder of Davis' sentence was suspended, and (3) Davis be placed on probation for twenty-four months.[2]

---

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (d) of this section. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an

additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) place the offender on probation as authorized by section 3651; or (2) affirm the sentence of imprisonment originally imposed, or reduce *the sentence of imprisonment, and commit the offender under any applicable provision of law.* The term of the sentence shall run from the date of original commitment under this section.
18 U.S.C. § 4205(c).

2. In a previous order, we granted the government's motion to supplement the record on appeal with the district court's March 7, 1988 order.

## II.

The split sentence provision in 18 U.S.C. § 3651, the probation statute in effect at the time Davis was originally sentenced,[3] provides that a court

> may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms as the court deems best.

Davis contends that the July 15, 1986 sentence placing him on probation was illegal under § 3651, and that as a result any sentence imposed after revocation of that probation is also illegal. His argument is that the district court did not, as required by § 3651, impose a sentence in excess of six months with the remainder suspended because it sentenced him to time served, which was less than six months.[4] There is no doubt that the district court did not craft its sentence according to the precise dictates of § 3651. It did not sentence Davis to over six months and did not suspend part of his prison sentence. The question we must answer is what effect those errors had on Davis' sentence of probation.

■ In *United States v. Stupak*, 362 F.2d 933 (3d Cir.1966), the defendant was sentenced to four months in prison and "thereafter placed on probation for a period of two years." The Third Circuit held that the defendant's probation was invalid under § 3651 because the defendant had not been sentenced to more than six months and the district court had not suspended any part of the prison sentence. *Id.* at 934.[5]

This case is clearly distinguishable from *Stupak*. Although the Judgment and Probation/Commitment Order which was entered on July 15, 1986, heretofore quoted, departs from the sentence expressed by the district court judge to the defendant, the person preparing the judgment order erred in omitting the court's language with respect to suspending the sentence.

■ Although the district court did not use the magic words "suspension of sentence" in its July 15, 1986 order, its intent to use a split sentence under § 3651 to incarcerate Davis and put him on probation is made clear by the district judge's verbal sentencing order:

> I will sentence you to the custody of the Attorney General for a period of three years on the condition that you be confined in a jail-type or treatment facility for a period of six months.

> The execution of the remainder of the sentence is hereby suspended and you are placed on probation for a period of two years and six months. To commence

---

**3.** Although Congress repealed § 3651 effective November 1, 1987, § 3651 remains applicable to offenses committed prior to that date. *See* Pub. L. 98–473, § 235, 98 Stat.1987 (1984), *amended*, Pub.L. 99–217, §§ 2, 4, 99 Stat. 1728 (1985).

**4.** As of July 15, 1986, Davis had been in federal custody about five and a half months. He had been incarcerated from the time of his arrest on May 23, 1985 to the time of his trial on August 6, 1985, and had been under observation and study pursuant to § 4205(c) for a period which could not have exceeded ninety days.

**5.** In *United States v. Guevremont*, 829 F.2d 423 (3d Cir.1987), the Third Circuit, while reaffirming *Stupak*, held that an illegal sentence under § 3651 could be corrected by the district court pursuant to Fed.R.Crim.P. 35(a). *Id.* at 427. On March 24, 1988, well after Davis filed his notice of appeal, the district court *sua sponte* entered an order "amending" its July 15, 1986 sentencing order to comply with § 3651, and the

government filed a motion to supplement the record with that order. We decline to consider this most recent order and deny the government's motion to supplement the record with it because the district court was without jurisdiction to enter it once Davis' appeal was filed. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (general rule is that an appeal to a circuit court divests the district court of jurisdiction as to any matters involved in the appeal). Moreover, we are cognizant that there is a "danger that ex post facto clarification of sentences may render meaningless prisoners' rights to have the language of their sentences construed in their favor." *United States v. Faust*, 680 F.2d 540, 542 (8th Cir.1982). Given our refusal to consider the district court's March 24, 1988 order, we need not decide whether to follow *Guevrmont*.

upon your release from confinement, and upon the following special conditions. That you participate in and complete a mental health program directed by the probation office of this court. And that you participate in and complete a vocational training program as directed by the probation office of this court.

2nd Supp.Record, Vol. 1, at 6–7.

We do not believe that our decision leads to an unjust result, for Davis knew that he had received a split sentence under § 3651. The probation officer's report detailing Davis' conditions of probation, which was signed by Davis on July 24, 1986, explicitly described Davis' sentence as a correct split sentence under § 3651:

> [The defendant is placed in the] custody of the Attorney General for a period of three (3) years on the condition that the defendant be confined in a jail-type or treatment facility for a period of six (6) months, the execution of the remainder of the sentence is hereby suspended, and the defendant placed on probation for a period of two (2) years and six (6) months to commence upon the defendant's release from confinement[.]

Under these circumstances, "the impreciseness of language," *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir.1970), did not render Davis' original term of probation illegal. A contrary conclusion would exalt form over substance.

The other variant which Davis complains about is that the district court failed to follow § 3651 and sentenced the defendant "for a period of six months." As indicated in note 4, the record is not clear as to the exact period of time Davis had been in federal custody, although it may be that the period is less than six months. Notwithstanding this slight variation from the statute, we conclude that the district court thought that Davis had spent the equivalent of six months in federal custody because of his sentence of two years and six months. When every fact about the district court's treatment of the defendant reflects a concern that the defendant be given every opportunity to rehabilitate himself, we refuse to hold that a sentence is illegal because of what is obviously trivia.

### III.

Because the original sentence was lawful, the district court had the power to revoke Davis' probation for unlawfully using a credit card. Under 18 U.S.C. § 3653, when a court revokes a defendant's probation, it can "require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." [6] Davis, maintaining that the district court never suspended execution of his original sentence, argues that the district court only had the power to sentence him to time served for violating his probation.

We disagree. As our discussion in Part II indicates, the district court in effect sentenced Davis to three years under the split sentencing provisions of § 3651 (i.e., sentenced him to time served and suspended the execution of the remainder of the three-year sentence). Thus, it did not err under § 3653 in sentencing Davis to a term which might originally have been imposed.[7] *See United States v. Berry*, 814 F.2d 1406, 1410–11 (9th Cir.1987); *United States v. Olivares–Martinez*, 767 F.2d 1135, 1137 (5th Cir.1985). Of course, Davis must be given credit for any time spent in federal custody after July 15, 1986. *See* 18 U.S.C. § 3568.[8]

AFFIRMED.

---

**6.** Like § 3651, *see* note 3, § 3653 was repealed effective November 1, 1987 but remains applicable to crimes committed before that date.

**7.** A violation of § 912 is punishable by three years in prison and/or a $1,000 fine.

**8.** As we previously noted, the district court amended its order revoking Davis' probation on March 7, 1988. At that time, however, the district court had been divested of jurisdiction over Davis' sentence because Davis had filed a notice of appeal. *See* note 5. Thus, the March 7, 1988 order is null and void, and the October 16, 1987

probation revocation order remains in effect. If on remand the district court wishes to reduce the thirty-month sentence imposed in its October 16, 1987 probation revocation order, it is free to do so once it has jurisdiction.