UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard George STEPHENS,
Defendant–Appellant.

No. 91–50330.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1992.

Decided June 8, 1992.

H. Dean Steward, Federal Public Defender, Directing Atty., Santa Ana, Cal., for defendant-appellant.

John C. Rayburn and Deirdre M. Zalud, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before POOLE, WIGGINS, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

## FACTS

Richard George Stephens claims the district court lacked jurisdiction to revoke his probation and sentence him to four years' imprisonment. He appeals the denial of his motion to terminate probation contending that the district court's original sentence and judgment and commitment were illegal.

In 1984, Stephens pled guilty to two counts of a five-count indictment. The indictment charged Stephens with perpetrating a $1.1 million scheme to defraud Numismatics, Ltd., a company engaged in the sale of rare coins and gold bullion.

The two counts to which Stephens pled guilty were Count 4, the interstate transportation of stolen property in violation of 18 U.S.C. § 2314, and Count 5, failing to file a shipper's export declaration in violation of 50 U.S.C.App. § 2410(a). On October 10, 1985, the district court sentenced Stephens to four years' imprisonment on

Count 5. On Count 4, the court sentenced Stephens to probation for five years following his release from incarceration on Count 5, on the condition that he make restitution to Numismatics, Ltd. and that he abide by the Central District of California rules for probationers.

In 1988, after his incarceration for Count 5 ended, Stephens began his probation for Count 4. In 1991, his probation officer notified a federal court in Tacoma, Washington, that Stephens had provided false information to the Probation Office and had failed to produce financial records. A petition seeking revocation of Stephens' probation was filed at the United States District Court for the Western District of Washington. The Washington court did not rule on the petition, but ordered that jurisdiction over Stephens be returned to the Central District of California.

Once his case was returned to the Central District of California, Stephens moved to terminate his probation, claiming that the sentence he received there on October 10, 1985, was illegal. The district court denied the motion. It ordered that the Judgment and Commitment dated October 10, 1985, be corrected by inserting the words "imposition of sentence is suspended." A new Judgment and Commitment Order dated April 11, 1991, reflected the corrections. The pertinent part reads:

> IT IS FURTHER ADJUDGED that the imposition of sentence is suspended and that the defendant is placed on probation for a period of five (5) years on Count 4 of the Indictment, to commence upon release from confinement, on the following terms and conditions: (1) defendant shall comply with General Order 225; and (2) defendant shall make restitution to Numismatics in an amount not to exceed $682,500.00, in such amounts and in such manner as determined by the Probation Officer.

The court revoked Stephens' probation and sentenced him to four years' imprisonment on Count 4. Stephens appealed.

Stephens argues that: (1) his 1985 sentence was illegal because it did not include a prison term which was suspended when probation was ordered as required by 18 U.S.C. § 3651, the "split sentence" statute;[1] and (2) the district court lacked jurisdiction to revoke his probation because of the illegality of the sentence. The first argument presents a new issue in this circuit.

## DISCUSSION

### The 1985 Sentence

Stephens claims that the following order, which was immediately preceded by his sentence of imprisonment for a period of four years on Count 5,[2] was illegal:

> IT IS FURTHER ADJUDGED that defendant is placed on probation for a period of five (5) years on Count 4, to commence upon release from confinement, on the following terms and conditions: (1) defendant shall comply with General Order 225; and (2) defendant shall make restitution to Numismatics in an amount not to exceed $682,500.00, in such amounts and in such manner as determined by the Probation Officer.

He maintains that the authority of the court to sentence him both to incarceration and probation comes from the "split sentence" statute, 18 U.S.C. § 3651.

The "split sentence" provision is found in the second paragraph of section 3651. It provides:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court ... may impose a sentence in excess of six months and provide that the defen-

---

1. 18 U.S.C. § 3651 was repealed on November 1, 1987, but it was in full force and effect at all times covered by this appeal. *See United States v. Davis,* 856 F.2d 1514, 1516 n. 3 (11th Cir. 1988).

2. As to Count 5, the original judgment and commitment order entered by the district court read, in pertinent part:
   > The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of four (4) years on count 5.

dant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Stephens contends that section 3651 *requires*, as a condition of imposing probation, that the sentencing court impose and suspend a prison term.

■ In the context of section 3651, some courts have held that "a sentence of probation imposed without a suspended sentence is an illegal sentence." *United States v. Guevremont*, 829 F.2d 423, 427 (3rd Cir.1987) (citing *United States v. Stupak*, 362 F.2d 933 (3rd Cir.1966) (per curiam)). But Stephens is mistaken that the "split sentence" provision of section 3651 applies to his situation. *"Where a defendant has been convicted of only one count*, the split sentence is the only vehicle by which a defendant can be both incarcerated and placed on probation." *Id.* at 423 (emphasis added) (citing A. Partridge, A. Chaset & W. Eldridge, *The Sentencing Options of Federal District Judges* at 6 (Federal Judicial Center, June 1983)). Stephens was sentenced on two counts, not a single count. The court imposed a prison sentence for one offense, Count 5, and imposed probation for the other, Count 4. This is not a split sentence, because the court did not sentence Stephens both to incarceration and to probation on a single count. As we read it, the "split sentence" provision in the second paragraph of the statute contemplates an individual count as the vehicle by which a court may sentence a defendant both to incarceration and to probation. This is not to say that split sentences may not be imposed for a single offense in a multi-count indictment. It may be, but the sentence comes within the purview of section 3651 *only* where both incarceration and probation attach to a single count.

Stephens' situation is therefore distinguishable from that in *Guevremont*, where there was a conviction on only one count of wire fraud and the court sentenced the defendant both to incarceration and probation on that count, but failed to suspend the execution of a portion of the period of incarceration as section 3651 requires. *Id.* at 423–24. The Third Circuit specifically qualified the application of its holding to those situations "in the context of a single count conviction." *Id.* at 427 (citing *Stupak*, 362 F.2d 933).

In *Stupak*, the Third Circuit explained more fully that

The district court is empowered to suspend either the imposition or execution of sentence and grant probation but only under the terms and conditions prescribed by § 3651 of Title 18 U.S.C.A. Where, as here, a defendant is convicted on a single count information or indictment, the court "may impose a sentence in *excess of six months* and provide that the defendant be confined in a jail-type institution ... for a period *not exceeding six months* and that the *execution of the remainder of the sentence be suspended and the defendant placed on probation* for such period [and time] and upon such terms and conditions as the court deems best."

. . . .

It is clear that under the statute the court may: impose a term of imprisonment of more than six months; order that part of it be served; and, suspend the execution of the remainder and place the defendant on probation. The court may not require a defendant to submit to probationary supervision unless the execution of part of his prison term is suspended.

362 F.2d at 934.

The government cites *United States v. Makres*, 851 F.2d 1016, 1018–19 (7th Cir. 1988), for the proposition that the intent to suspend a sentence under section 3651 may be inferred from the language of the judgment and therefore, a sentencing court need not expressly state that it is suspending either the imposition or execution of sentence. But we read *Makres* to be a case like this one, where section 3651

should not apply because there were no split sentences of incarceration or probation on any single count. Instead, the court sentenced the *Makres* defendant to two concurrent one-year terms of incarceration on two counts and concurrent terms of five-year probation on the remaining fourteen counts. *Makres*, 851 F.2d at 1016. To the extent the Seventh Circuit in *Makres* did not read section 3651 as applying to sentencing on individual counts only, we must reject its reasoning. *See* 851 F.2d at 1019 (the Seventh Circuit reads section 3651 to "require[ ] that suspension and probation go hand in hand" where there was sentencing either to incarceration or to probation, but on different counts).

The government's citation of *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir.1970), in its argument on the application of section 3651 to this case is also misplaced. The Eighth Circuit did not rely on section 3651 when it discussed whether there was a variance between the oral pronouncement of sentence and the written judgment. Instead, that Circuit found the *Stupak* decision inapposite, because it "relates to an unauthorized splitting of a sentence between confinement and probation contrary to the mandate of 18 U.S.C. § 3651." *Raftis*, 427 F.2d at 1147.

Likewise, we think the government's citation to *McHugh v. United States*, 230 F.2d 252, 255 (1st Cir.1956) is misplaced insofar as that opinion discusses the application of section 3651 where, in a two-count indictment, the defendant was sentenced to a fine and probation with no indication that the fine and probation applied only to single counts. *See McHugh*, 230 F.2d at 253.

We, like the Third Circuit, expressly limit the "split sentence" provision of section 3651 to those instances where both incarceration and probation are imposed on individual counts, whether those counts arise from a single or multi-count conviction. Section 3651 does not apply where a court sentences a defendant solely to incarceration or solely to probation on different counts.

## Whether The District Court Lacked Jurisdiction to Revoke Stephens' Probation

Stephens argues that because the district court's original sentence of probation was illegal under the "split sentence" provision of section 3651, the court was deprived of authority over him and therefore lacked jurisdiction to revoke his probation.

Although we have rejected the argument that the split sentence provision in the second paragraph of section 3651 governs this action, we must decide if the district court originally imposed an illegal sentence by failing to state that it was suspending the imposition of sentence. The first paragraph of section 3651, unlike the second paragraph, allows the court to grant probation rather than any incarceration. The first paragraph provides that: "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, [a] court ... may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

The original sentence was not illegal even though the judge failed to state that the imposition of sentence was suspended. Although we believe the Seventh Circuit erroneously applied the "split sentence" provision in the second paragraph of section 3651, we believe its observation with respect to that paragraph is applicable here that "it is ... unlikely that the typical defendant would believe sentencing was not suspended simply because the judge was silent on the point. That belief would be equivalent to believing that if the defendant violated the terms of probation, no penalty could be imposed other than completion of probation." *Makres*, 851 F.2d at 1019 (applying the "split sentence" provision). Instead, there is a "presumption that suspension of sentencing is usually intended by the judge and understood by the defendant where probation is imposed." *Id.*

In its original sentence, the court made it clear to Stephens that he was "placed on probation for a period of five (5) years on Count 4, to commence upon release from

confinement [to be served for Count 5]." Stephens was not deceived as to any aspect of his sentence of probation on Count 4, the interstate transportation of stolen property. He knew that if he violated his conditions, his probation could be revoked. He knew he could have been incarcerated, even if he was not expressly informed that the imposition of sentence was suspended.[3] That the court intended to suspend the imposition of sentence is clear from the fact that this was a sentencing on an individual count, Count 4, and Stephens received probation with conditions: his compliance with General Order 225[4] and restitution to Numismatics, Ltd. Judge Stotler specifically noted the count on which she was imposing probation as opposed to imprisonment. Thus, there is no difficulty in determining to which count the sentence of probation applied, especially where the probation period did not begin, according to the order, until "release from incarceration."

This record contains a clear indication that Judge Stotler intended to suspend the imposition of sentence. Therefore, the original sentence was not illegal and the court did not lack jurisdiction to correct it and to revoke probation.

AFFIRMED.

---

**3.** At the sentencing hearing on October 10, 1985, Stephens' attorney stated:

> It is my opinion, your Honor, that the concerns that Mr. Stephens expressed stem from my advising him that *there was a likelihood that he would be going to prison and his questioning whether there was reason to con-*

*tinue working in an undercover capacity if he was going to be going to prison anyway.* (emphasis added).

**4.** General Order 225 is a list of thirteen conditions imposed on all defendants receiving probation by order of the Central District of California.