**Michael F. PUTNAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5909.**

Court of Appeals of Alaska.

Dec. 27, 1996.

---

Michael F. Putnam, pro se.

Stephen B. Wallace, District Attorney, Kodiak, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Michael F. Putnam was convicted on his plea of no contest to one count of misconduct involving a controlled substance in the third degree, a class B felony. AS 11.71.030. Superior Court Judge Donald D. Hopwood sentenced Putnam to a term of seven years, none suspended. Judge Hopwood also sentenced Putnam to pay a fine of $2,500 and suspended $1,500 of the fine on condition that Putnam successfully complete a five-year period of probation.

Putnam later filed a motion to correct his sentence, requesting that the probation requirement be deleted. Putnam alleged that the sentence was illegal because it required him to be on probation but did not suspend any period of incarceration. Judge Hopwood summarily denied Putnam's motion, and Putnam filed this appeal, renewing his contention that a sentence imposing probation without suspended incarceration is illegal.

To support his argument, Putnam relies on AS 12.55.090(a);[1] he focuses on the second sentence of the provision: "If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment." In Putnam's view, this provision must be read to say that if a sentencing court grants probation for a crime punishable by both a fine and imprisonment, the court "may impose a fine," but it is required to "place the defendant on probation as to imprisonment."

Since placing a defendant on probation always requires suspension of some portion of the sentence, *see, e.g., Kelly v. State,* 842

---

1. In its entirety, AS 12.55.090(a) provides:

 Probation may be granted whether the crime is punishable by a fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

P.2d 612, 613 (Alaska App.1992), and since, in Putnam's view, AS 12.55.090(a) authorizes the court to grant probation only as to imprisonment when a crime is punishable by both a fine and imprisonment, Putnam concludes that a portion of the prison term must be suspended before probation can properly be granted in such cases.

Putnam's argument crosses swords with the plain meaning of AS 12.55.090(a). If the legislature had wanted the second sentence of the provision to require courts to place defendants on probation only as to imprisonment, thereby precluding probation solely as to a fine, then presumably it would have said that sentencing courts "may impose a fine and *must* place the defendant on probation as to imprisonment." Instead, the legislature used the word "may" to modify both "impose a fine" and "place the defendant on probation"; this use of the permissive "may" implies the existence of other alternatives.

■ Plain meaning is not necessarily determinative.[2] Yet Alaska's case law interpreting subsection AS 12.55.090(a) tends to support the interpretation suggested by the provision's plain meaning. In *Brown v. State*, 559 P.2d 107, 109 (Alaska 1977), the supreme court, while admitting that the "interpretation of AS 12.55.090(a) is not free from doubt," construed the second sentence of that provision to "authorize[ ] the trial court to impose a fine as a separate punish-

ment in addition to probation where the penalty provision of the violated criminal statute provides for both fine and imprisonment."

The legislature's decision to treat fines and imprisonment as independent sentencing components would suggest that either fines or imprisonment may be suspended as a predicate to granting probation. In *Manderson v. State*, 655 P.2d 1320, 1324 (Alaska App.1983), we assumed this to be the case: noting that Manderson's five-year term of probation was meaningless without some portion of his sentence—entirely unsuspended as originally imposed—being suspended, we remanded to the trial court, indicating the court could "impose a probationary period only if some portion of Manderson's sentence or fine is suspended." And in *Kelly v. State*, 842 P.2d at 613, emphasizing that probation unaccompanied by something suspended is meaningless, we spoke of the need to suspend "a portion of the sentence"; we drew no distinction between imprisonment and fine.

Putnam nonetheless points out that AS 12.55.090(a) was apparently modeled on former 18 U.S.C. § 3651.[3] *See Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975). The third paragraph of the federal statute is virtually identical to AS 12.55.090(a). Putnam cites federal case law construing the federal statute to require suspension of jail time as a prerequisite to a valid grant of probation.[4]

---

**2.** Alaska eschews the plain meaning rule of statutory interpretation, favoring a sliding scale approach. *Peninsula Marketing Ass'n v. State*, 817 P.2d 917, 922 (Alaska 1991). Under the sliding scale approach, when legislative intent conflicts with plain meaning, we seek a balance between the two: "the plainer the language of the statute, the more convincing contrary legislative history must be." *Marlow v. Municipality of Anchorage*, 889 P.2d 599, 602 (Alaska 1995) (citing *Peninsula Marketing Ass'n v. State*, 817 P.2d at 922 and *Homer v. Gangl*, 650 P.2d 396, 400 n. 4 (Alaska 1982)).

**3.** Paragraphs 2 and 3 of former 18 U.S.C. section 3651 provide, in relevant part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best inter-

est of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

18 U.S.C. § 3651, *repealed by* Pub.L. 98–473, Title II, § 212(a)(1), (2), 98 Stat.1987.

**4.** In *United States v. Stupak*, 362 F.2d 933 (3d Cir.1966), the court concluded that a federal

Because AS 12.55.090(a) was modeled on 18 U.S.C. § 3651, Putnam maintains that interpretation of the Alaska provision must be informed by the federal cases.

Putnam's argument is both right and wrong: federal cases do require suspended jail time as a prerequisite to a valid grant of probation under § 3651; but a careful reading of these cases and a comparison of federal and Alaska law reveal that the federal cases are based on language in § 3651 that has not been carried over to the Alaska Statutes.

■ Courts have no inherent power to suspend the execution of any portion of a sentence. *Pete v. State,* 379 P.2d 625, 626 (Alaska 1963). In Alaska, this power derives, not from AS 12.55.090, but from AS 12.55.080. *See Curtis v. State,* 831 P.2d 359, 361 (Alaska App.1992). Alaska Statutes 12.55.080 provides:

> Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

Section .080 is closely related to AS 12.55.090(a)—the statute principally at issue in Putnam's case. These two provisions were enacted together and must be read *in pari materia. Jackson v. State,* 541 P.2d at 25.

As we have seen, AS 12.55.090(a) mirrors the third paragraph of 18 U.S.C. § 3651, its federal counterpart. By contrast, AS 12.55.080, although roughly patterned after

the second paragraph of 18 U.S.C. § 3651, differs markedly from its federal counterpart. Section .080 expressly allows Alaska courts to suspend the execution of any "sentence or a portion thereof." Under this provision, "a court may suspend the execution of all or a portion of a sentence and place the defendant on probation[.]" *Tiedeman v. State,* 576 P.2d 114, 116 n. 11 (Alaska 1978) (emphasis omitted). Hence, for crimes punishable by a fine, by imprisonment or a fine, or by both imprisonment and a fine, AS 12.55.080 generally empowers Alaska courts to impose fines and suspend their execution in whole or in part.[5]

The situation differs markedly in the federal counterpart to AS 12.55.080—the second paragraph of former 18 U.S.C. § 3651—which vests federal courts with extremely narrow authority to split a single sentence into suspended and unsuspended components:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

The differences between this provision and AS 12.55.080 are apparent. Unlike AS 12.55.080, which generally empowers Alaska

---

judge imposing sentence under section 3651 "may not require a defendant to submit to probationary supervision unless the execution of part of his prison term is suspended. As a prerequisite to an order of probation the execution of part of the prison sentence must be suspended." *Stupak,* in turn, has been widely followed by the federal courts and continues to be relied on, at least as to probationary sentences involving sin-

gle-count convictions. *See, e.g., United States v. Stephens,* 966 F.2d 511, 513–14 (9th Cir.1992); *United States v. Makres,* 851 F.2d 1016, 1018 (7th Cir.1988).

**5.** This general authority may, of course, be curtailed by specific limiting provisions. *See Curtis v. State,* 831 P.2d at 361. No specific limitation is at issue in the present case.

courts to split probationary sentences by suspending execution of any portion and leaving any other portion or portions unsuspended, the second paragraph of 18 U.S.C. § 3651 strictly curtails the power of federal courts to order split sentences: a federal court granting probation under the second paragraph of 18 U.S.C. § 3651 must first impose a term of incarceration exceeding six months; after so doing, the court is vested with limited power to provide for a limited period of unsuspended incarceration—"a period not exceeding six months," which the defendant will serve "in a jail-type institution or a treatment institution"; all other components of the sentence— "the remainder of the sentence"—must be suspended.

It is this paragraph—unique to the federal statute and far narrower than its Alaska counterpart—that has led federal courts to conclude that suspended incarceration is a prerequisite to a valid grant of probation.[6] On its face, the provision requires all single-count probationary sentences to include suspended incarceration.

The second paragraph of 18 U.S.C. § 3651, standing alone, would also preclude federal courts from granting probation and simultaneously imposing an unsuspended fine: since the provision allows no more than six months of a probationary sentence to remain unsuspended and requires "the remainder" to be suspended, and since any fine imposed as part of the sentence would necessarily be included in "the remainder," the provision leaves federal judges no power to impose unsuspended fines.

But the second paragraph of 18 U.S.C. § 3651 does not stand alone; rather, the statute's second and third paragraphs must be read together. Cf. Jackson v. State, 541 P.2d at 25. Only when we consider the narrow scope of authority conferred under the second paragraph of 18 U.S.C. § 3651 does the third paragraph's significance become apparent: by providing that "the court may impose a fine and place the defendant on probation as to imprisonment," the third paragraph of the statute gives federal courts a power not vested in the second, namely, the power to impose an unsuspended fine while suspending incarceration and granting probation. As reflected in the Alaska Supreme Court's interpretation of the identical language of AS 12.55.090(a), this segment of the statute "authorize[s] the trial court to impose a fine as a separate punishment in addition to probation[.]" Brown v. State, 559 P.2d at 109.

Although the language of the third paragraph of § 3651 has been incorporated verbatim in AS 12.55.090(a), it does not enjoy the same significance in the context of Alaska law as it does in the context of federal law. The breadth of power built into AS 12.55.080 reduces the second sentence of AS 12.55.090(a) to an essentially vestigial role: in its Alaska context this language merely clarifies the court's authority to wield powers already granted in AS 12.55.080.[7]

For these reasons, we find Putnam mistaken in claiming that AS 12.55.090(a) deprived the court of authority to order probation as an adjunct to suspension of a portion of his fine. The court's authority to suspend a portion of Putnam's fine and place him on probation derives from AS 12.55.080. Alaska Statutes 12.55.090(a) makes clear that the court could have opted to impose an unsuspended fine, while ordering probation as a condition of suspended incarceration. Nothing in the latter provision, however, limited the court's authority, under the former, to order unsuspended incarceration, a partially suspended fine, and a period of probation.

The superior court's order denying Putnam's motion to correct his sentence is AFFIRMED.

---

**6.** See, e.g., United States v. Stupak, 362 F.2d at 934.

**7.** This, more than anything else, seems to explain why interpretation of AS 12.55.090(a) seemed

"not free from doubt," in the context of Alaska's sentencing statutes, to the court in Brown v. State, 559 P.2d at 109.