935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rajan GEORGE, Defendant-Appellant.
 No. 90-2965.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.*
Decided June 3, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Rajan George pleaded guilty to two counts of mail fraud. The district court sentenced George to consecutive five-year prison terms and imposed an order of restitution pursuant to 18 U.S.C. Sec. 3663. The facts of this case are set out in detail in this court's opinion affirming George's conviction. See United States v. George, 891 F.2d 140 (7th Cir.1989). We do not repeat them here. While George's direct criminal appeal was pending in this court, George filed a motion pursuant to Federal Rules of Criminal Procedure 35(a)[1] and 36. George asked the district court to correct his sentence because of an alleged clerical error in the written judgment. George claimed that there was a variance between the sentence of restitution pronounced in open court and the sentence that appears on the written judgment. The district court denied the motion. George appeals.[2]
 
 
 2
 On appeal George directs this court's attention to a passage in the transcript of the sentencing hearing in which the district court stated that "pursuant to Section 3663 of Title 18 an order of restitution is entered," but did not specify the amount of restitution. This, George contends, is inconsistent with the written judgment which provided that George was to make restitution in the amount of $2,955,260.20. George argues that the oral pronouncement and the written judgment are inconsistent and therefore the oral pronouncement controls so that presumably George should owe $0.0 in restitution.
 
 
 3
 George cites a number of cases in support of the proposition that when there is a conflict between the district court's oral statements at sentencing and the written judgment, the oral statement prevails. See, e.g., United States v. Villano, 816 F.2d 1448, 1450, 1452 n. 5 (10th Cir.1987) (en banc), and cases cited therein. While this court agrees with this general proposition, see United States v. Makres, 851 F.2d 1016, 1017 (7th Cir.1988), cert. denied, 110 S.Ct. 417 (1989), it is inapposite in this case. Here there is no conflict between the oral statements and written judgment. A full reading of the sentencing transcript shows that the court and the parties contemplated that an order of restitution would be part of the sentence. It also shows that there was a dispute between the parties over the amount George had speculated from those he had duped into investing in his businesses. The district court noted that the government and defense counsel were advocating different restitution amounts. The court gave defense counsel an opportunity to defend its figure of $2,740,483, but counsel declined to make any comment. The court also stated that it would enter an order of restitution, but expressly reserved judgment as to the specific amount. There was no ambiguity in the court's statements at sentencing. When the entire sentencing transcript is considered together with the written judgment, it is clear that they do not conflict and that there was nothing to correct.
 
 
 4
 The judgment of the district court denying the motion to correct George's sentence is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although George purported to proceed pursuant to Federal Rule of Criminal Procedure 35(a), he failed to argue before the district court, and fails to argue on appeal, how his sentence was illegal. Consequently, there is no Rule 35(a) issue properly before the court
 
 
 [2]
 The district court granted George leave to file his notice of appeal four days late