948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul F. BORN, III, Defendant-Appellant.
 No. 90-3423.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On April 29, 1988, a jury convicted Paul F. Born III of one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and four counts of knowingly and intentionally possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.[1] On July 8, 1988, the district court orally pronounced sentence, and on July 12, 1988, the court docketed the written judgment and commitment order. On August 20, 1990, Born filed a motion with the district court for correction of his sentence pursuant to Federal Rules of criminal Procedure 35 and 36. Born contends that this oral sentence imposed by the court differs from that contained in the written judgment and commitment order. The district court disagreed, and this appeal follows.
 
 A. FACTS
 
 2
 On July 8, 1988, district court Judge James F. Holderman sentenced Born in open court, stating:
 
 
 3
 And so, consequently, on each of the five counts, I am going to impose a sentence, all of which to run concurrent with one another, of 23 years, and on each of the five counts impose a fine, because of Mr. Born's financial situation, a fine of $10,000 on each of the counts.
 
 
 4
 On Counts 5 and 7, I'm, going to order supervised release for the period of 10 years and make a special assessment of $250. That's $50 on each count. (TR at 17-18)
 
 
 5
 The July 12, 1988, judgment of commitment, however, reads:
 
 
 6
 [t]he defendant, Paul Born, III, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of TWENTY-THREE (23) YEARS. This term consists of TWENTY-THREE (23) YEARS on each count, to be served concurrently.
 
 
 7
 Upon release from imprisonment, the defendant shall be placed on supervised release for a term of TEN (10) YEARS. This term consists of terms of TEN (10) YEARS on counts 5 and 7, all terms to run concurrently.
 
 
 8
 It is further ordered that the defendant shall pay to the United States the sum of $50,000.00 consisting of the following:
 
 
 9
 On Count 1, a fine of $10,000; on Count 2, a fine of $10,000; on Count 3, a fine of $10,000; on Count 5, a fine of $10,000; on Count 7, a fine of $10,000.
 
 
 10
 Born filed a motion for the correction of his sentence claiming that the court's oral sentence ordered a fine of $10,000 to run concurrent on all counts.[2] Therefore, he contends that the $50,000 total found in the written order is either illegal because it conflicts with the oral order or a clerical error. In the order denying Born's motion for correction of sentence, Judge Holderman stated: "The Court intended that the defendant pay a fine of $10,000.00 on each of the five counts of which he was convicted and sentenced for a total fine of $50,000.00 as accurately stated in the judgment and commitment order. No correction is necessary."
 
 II. ANALYSIS
 
 11
 Born correctly contends that "if the oral and written sentences conflict, the oral language governs." United States v. Makres, 851 F.2d 1016, 1019 (7th Cir.1988), cert. denied, 110 S.Ct. 417 (1989). See also United States v. Roberts, 933 F.2d 517, 519 n. 1 (7th Cir.1991); United States v. Villano, 816 F.2d 1448, 1450-51 n. 1 (10th Cir.1987) (en banc). However, if the orally pronounced sentence is ambiguous, "the judgment and commitment order is evidence which may be used to determine the intended sentence." Villano, 816 F.2d at 1451. See also United States v. Khoury, 901 F.2d 975, 977 (11th Cir.1990); United States v. Pugliese, 860 F.2d 25, 30 (2nd Cir.1988), cert. denied, 489 U.S. 1067 (1989).
 
 
 12
 Born argues that the oral sentence clearly indicates that the entire sentence, including the fine, was to run concurrently. Therefore, his total fine is only $10,000. We disagree. The written judgment, which imposed a fine of $10,000 on each count for a total of $50,000, merely confirmed what the judge stated in open court in the presence of the defendant and his attorney, that on the matter of the fine, it was "a fine on $10,000 on each of the counts."
 
 The decision of the district court is
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This court affirmed Born's convictions. United States v. Mazzanti, 888 F.2d 1165 (7th Cir.1989), cert. denied, 110 S.Ct. 2167 (1990)
 
 
 [2]
 On June 6, 1990, after the United States Supreme Court denied Born's writ of certiorari on his direct criminal appeal, the appellant paid $10,000 to the United States Department of Justice. The check indicated that it was meant to be full payment for the fine in this case. Born contends that he did not discover that the judgment stated he owed a $50,000 fine until after he paid the $10,000