**UNITED STATES of America, Appellee,**

v.

**Timothy J. WEIR, Appellant.**

**No. 83–2377.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 1983.
Decided Jan. 5, 1984.

Timothy J. Weir, pro se.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Timothy J. Weir stands convicted of two counts of failure to file income tax returns. On the first count, the Magistrate sentenced Weir to six months imprisonment; on the second count, Weir was fined and costs were assessed against him, and after the Magistrate suspended imposition of his sentence, Weir was placed on three years probation. Weir, in a *pro se* petition brought under 28 U.S.C. § 2255, asked the court to set aside his sentence. In his section 2255 petition, Weir argued initially that the Magistrate improperly invoked 18 U.S.C. § 3651 with respect to Count II because he did not articulate any specific sentence terms before suspending imposition of sentence. Secondly, Weir argued that his sentence violated Federal Rule of Criminal Procedure 43(a) because Weir was absent when the written order of sentence was executed. The district court dismissed the petition and we affirm.

18 U.S.C. § 3651 provides, in pertinent part, that after the district court enters a judgment of conviction, it "may suspend the imposition or execution of sentence and place the defendant on probation" if doing so would promote justice and be in the public interest. By the statute's plain meaning, where imposition of the sentence is stayed, pronouncement of a specific term is unnecessary.

Federal Rule of Criminal Procedure 43(a) mandates the defendant's presence at certain stages of the criminal proceedings against him, including at "imposition of sentence." Weir was present at his sentencing hearing. Because the oral sentence and not the written order constitutes the actual judgment of the court, *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974); *United States v. Raftis,* 427 F.2d 1145, 1146 (8th Cir.1970), Weir was not prejudiced by being absent at the entry of the written order.

Affirmed.