# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2920

_____

United States of America,

        Appellee,

    v.

Eric D. Walker,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*
\*

_____

Submitted: February 7, 2000

Filed: February 10, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In this direct criminal appeal, Eric D. Walker challenges the sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the court erred by sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because one of

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

his predicate convictions was obtained through a guilty plea that lacked an adequate factual basis. We affirm Mr. Walker's sentence.

Like the district court, we conclude that Mr. Walker may not collaterally attack his prior state convictions in this sentencing proceeding, despite his claim that state and federal law preclude him from collaterally attacking his prior convictions. See Custis v. United States, 511 U.S. 485, 487, 496 (1994) (with limited exception of conviction obtained in violation of right to counsel, defendant may not collaterally attack prior convictions used to enhance sentence under ACCA); United States v. Field, 39 F.3d 15, 18-19 (1st Cir. 1994) (refusing to allow defendant to attack state conviction in context of sentencing under ACCA even where he was no longer in custody for state conviction and could no longer attack sentence in state court or by federal habeas review), cert. denied, 514 U.S. 1088 (1995).

Mr. Walker argues that Custis should not bar his collateral attack because he received ineffective assistance of counsel in the criminal proceedings underlying the state convictions at issue. Mr. Walker did not raise this argument below, however, and in any event, the court in Custis distinguished ineffective-assistance claims from denial-of-counsel claims, concluding that only the latter are excluded from the general rule against collaterally attacking prior convictions used for federal sentence enhancements. See Custis, 511 U.S. at 494-96; United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain error standard of review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.