# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2654

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| James Eric Moore, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2001

Filed: April 11, 2001

_____

Before LOKEN, HEANEY and BYE, Circuit Judges.

_____

HEANEY, Circuit Judge.


James Moore pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). At sentencing, Moore objected to the government's assessment of criminal history points derived from prior state misdemeanor convictions. Alternatively, Moore requested a downward departure based upon the state public defender's misdemeanor case-file retention policy. The district court[1] overruled the

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

objections, declined any departure, and sentenced Moore to 70 months imprisonment. Moore appeals both issues. We affirm.

## I. BACKGROUND

On November 30, 1999, Moore entered into a non-cooperation plea agreement with the United States and pleaded guilty to Count Two of a ten-count, federal indictment. Count Two alleged that Moore distributed .85 grams of cocaine base in violation of U.S.C. §841(a)(1). On February 7, 2000, the district court formally accepted Moore's guilty plea.

The Presentence Investigation Report (PSI) revealed, *inter alia*, that in July 1996, Moore was convicted and sentenced for a state offense of possession of drug paraphernalia. Also, in August 1996, Moore was convicted and sentenced for a state offense of theft in the fifth degree. In both misdemeanor cases above, Moore was represented by a state public defender.

The PSI assessed one criminal history point for each of these two convictions pursuant to U.S.S.G. § 4A1.1(c). The PSI also assessed two additional criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because the probation period for the theft conviction was still in effect when Moore committed the instant, federal offense.

Moore challenged the fundamental fairness and constitutionality of incorporating the PSI's criminal history assessments into the court's ultimate sentencing calculation because Moore claimed that, at least as to those two particular state convictions, his public defenders had entered his guilty pleas to the charges without his knowledge. Moore requested his public defenders' files from the misdemeanor cases, but was informed that the files had been destroyed pursuant to a policy of the Office of the State Public Defender of Iowa that calls for the destruction of misdemeanor file materials one year after the close of such cases. Neither public defender could recall his cases.

On June 22, 2000, a sentencing hearing was held before the district court. Moore objected to the court's consideration of the contested criminal history points when Moore was unable to collaterally attack the constitutionality of the disputed convictions due to the file retention policy because doing so would contravene fundamental fairness and deprive Moore of due process. Intertwined with the criminal history score objection, Moore also requested a downward departure from the ultimate sentencing determination reached by the court to offset the increased sentencing calculation. Moore contended that, due to the destruction of potentially helpful evidence which might have been contained in his case-file material, he was unable to mount a meaningful collateral attack upon the disputed convictions.

After rejecting these arguments, the court determined Moore's final, adjusted offense level to be 23, with a criminal history category of III – resulting in a sentencing range of 57 to 71 months. Moore was sentenced to 70 months imprisonment and three years supervised release.

The issues presented on appeal are: (1) whether the district court's assessment of Moore's criminal history points violated due process; and (2) whether the district court incorrectly applied the Sentencing Guidelines in ruling that it had no authority to depart downward for the destruction of criminal history evidence.

## II. DISCUSSION

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. United States v. Webb, 218 F.3d 877, 879 (8th Cir.2000).

# A.

The first issue is whether the district court properly included the four disputed criminal history points in sentencing. Moore argues that it would be unconstitutional for the court to enhance his present sentence by tacking-on criminal history points derived from state convictions whose underlying guilty pleas might have been submitted without Moore's consent and were not the products of a knowing, intelligent and voluntary choice. Doing so, contends Moore, renders the PSI's criminal history scoring inaccurate.

A close reading of the record convinces us that the district court did not err in finding that the criminal history points assessed in the PSI were accurate. The court had only a smattering of inconclusive evidence before it which merely suggested a potential line of attack upon the validity of some of the convictions assessed by the PSI. The sentencing hearing transcript reveals that Moore himself offered no testimony, affidavit, or other sworn statement to the district court in support of his suspicions involving his former public defenders.

Moore has made no assertion that he ever moved to withdraw any of the disputed guilty pleas. Also, Moore does not claim that he made any attempt to assert a post-conviction challenge at the state court level to the validity of the convictions resulting from the guilty pleas at issue. Simply stated, Moore failed to overcome the presumption of validity that accompanies the prior conviction, and failed to carry his burden of showing his prior convictions were obtained in violation of his constitutional rights. See Moore v. United States, 178 F.3d 994, 998 (8th Cir.1999).

Additionally, the Guidelines indicate that "[w]hether a prior sentence counts for criminal history purposes is a question of federal law. Under section 4A1.1, criminal

history points are to be added for each prior sentence, but section 4A1.2(c) provides an exception to this rule for certain misdemeanors and petty crimes." Webb, 218 F.3d at 879 (citations and internal quotations omitted.) Accordingly, because neither the offense of possession of drug paraphernalia nor the offense of theft in the fifth degree properly belongs to the category of excepted offenses listed in section 4A1.2(c), the district court did not err in counting Moore's convictions for these offenses in determining his criminal history score. Id. at 881.

Moreover, and in the alternative, recent decisions of this court have made it abundantly clear that Moore "may not collaterally attack his prior state convictions in this sentencing proceeding, despite his claim that state and federal law preclude him from collaterally attacking his prior convictions." United States v. Walker, 202 F.3d 1066, 1067 (8th Cir. 2000) (citations omitted). See also United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999) (refusing to consider contention that district court erred in not permitting collateral attack upon constitutional validity of prior state conviction.)

In Walker, a panel of this court refused to examine an appeal based upon a claim that one of the appellant's predicate convictions was obtained through a guilty plea that lacked an adequate factual basis. That court recognized the distinction between ineffective-assistance claims from denial-of-counsel claims, stating that "only the latter are excluded from the general rule against collaterally attacking prior convictions used for federal sentence enhancements." Walker, 202 F.3d at 1067. On the facts of this case, we find no compelling reason why Moore should now, at the federal level, be allowed to attack his prior convictions when he declined to do so in state court.

**B.**

The second issue before us is whether the district court erred in refusing to depart downward when sentencing Moore. On appeal, Moore contends that the district court's denial of his departure request was due to the court's erroneous belief that it

-5-

lacked the authority to do so. We note at this juncture that Moore makes no allegation that the district court refused to depart on the basis of an unconstitutional motive or bad faith. Moreover, there is no intimation by Moore that the lower court failed to consider any of the factors argued before it by Moore.

> The district court may impose a sentence outside the guideline range if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

United States v. Field, 110 F.3d 587, 591 (8th Cir.1997) (internal quotations omitted) (citing to U.S.S.G. § 5K2.0). "It is well-established by this court that we do not have the authority to review the refusal to grant a downward departure, unless the district court determined it lacked authority to consider a particular mitigating factor." United States v. Correa, 167 F.3d 414, 417 (8th Cir.1999) (citations omitted).

Moore argues that the public defenders' destruction of case-file materials after only one year was a predicament not contemplated by the Sentencing Commission and, thus, outside of the Guidelines' 'heartland.' As such, asserts Moore, a downward departure is permitted under the Guidelines pursuant to 18 U.S.C. § 3553(b). The district court rejected this argument stating: "I appreciate your arguments, but it didn't persuade me, so I'm going to deny the Defendant's objections to the criminal history calculations and the Defendant's request for a downward departure." (S.Tr. at 84.)

The record makes it clear that the court considered Moore's arguments and concluded that they did not support a downward departure. United States v. Jenkins, 78 F.3d 1283, 1290-1291 (8th Cir.1996). We are persuaded that the court was cognizant of its authority to depart under § 5K2.0, and that its refusal to depart was premised ultimately on its belief that the circumstances presented by the file-retention policy resulted in no prejudice to Moore and that the facts of the case failed to disclose

a basis which should result in a sentence different from that determined by the Guidelines. The court below simply declined to exercise its discretion in Moore's favor for the reasons laid out in the transcript.

For the reasons stated above, the sentence is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.