# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1441

———————

David Webb,                                  *
                                             *
                  Appellant,                 *    Appeal from the United States
                                             *    District Court for the Eastern
         v.                                  *    District of Arkansas.
                                             *
United States of America,                    *         [UNPUBLISHED]
                                             *
                  Appellee.                  *

———————

Submitted:   September 10, 2002

Filed:   September 19, 2002

———————

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

———————

PER CURIAM.

After the Government indicted David Webb for armed bank robbery and carrying or using a firearm in relation to a robbery, the Government filed a notice of enhanced penalty under the three strikes law, 18 U.S.C. § 3559, alleging Webb qualified for a mandatory life sentence because he had three earlier state convictions for serious felonies: a 1972 robbery conviction, a 1980 escape conviction, and a 1987 aggravated robbery conviction. A jury found Webb guilty. Webb did not challenge

the earlier state convictions at sentencing, and the district court[*] imposed a life sentence under § 3559. Webb then filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied Webb's motion, but certified two issues for appeal: (1) whether trial counsel was ineffective for failing to challenge the 1972 robbery conviction and the 1980 escape conviction, and (2) whether the Government's failure to plead the earlier state convictions in the indictment and to submit them to the jury under the reasonable doubt standard violated the Sixth and Fourteenth Amendments. We affirm the denial of Webb's § 2255 motion.

Webb first contends trial counsel should have challenged the 1972 robbery conviction because it does not qualify as a serious violent felony under § 3559. For the purposes of § 3559, "serious violent felony" includes an "offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 3559(c)(2)(F)(ii). Robbery convictions do not count if the defendant proves, as an affirmative defense, that no firearm or other dangerous weapon was used, no threatened use was involved in the offense, and "the offense did not result in death or serious bodily injury (as defined in section 1365) to any person." Id. § 3559(c)(3)(A); see United States v. Davis, 260 F.3d 965, 969-70 (2001). Serious bodily injury includes substantial risk of death, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. 18 U.S.C. § 1365(g)(3).

Webb asserts the robbery does not qualify because he did not use or threaten to use a firearm or other weapon and because no serious bodily injury occurred. Webb has made no showing that he could have met his burden to prove this affirmative defense. Indeed, in Webb's direct appeal of his conviction for the 1972

---

[*]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

robbery, the Arkansas Supreme Court stated Webb beat a witness so badly that the witness "was bedridden and could not sit up without suffocating" at the time of Webb's trial, and the witness testified he had not worked a day since the robbery. Webb v. State, 486 S.W.2d 684, 685-86 (Ark. 1972).  Like the district court, we conclude the witness's injury falls within the definition of serious bodily injury under § 3559(c)(3)(A) and § 1365(g)(3).

Alternatively, Webb argues the 1972 robbery conviction is unconstitutional. Because of the witness's inability to come to the courtroom, the trial judge moved the trial to the witness's home to take his testimony.   Webb contends this violated his Sixth Amendment right to a public trial.  Webb cannot use a § 2255 motion to raise this contention.  United States v. Walker, 202 F.3d 1066, 1067 (8th Cir. 2000) (only denial-of-counsel claims are excluded from the general rule against collaterally attacking earlier convictions used for federal sentence enhancements); Arnold v. United States, 63 F.3d 708, 709 (8th Cir. 1995).

Webb also contends his 1980 escape conviction does not qualify for the purposes of § 3559.  Webb does not dispute his 1987 aggravated robbery conviction, however.  The three strikes law only requires two qualifying serious violent felony convictions, and Webb's 1972 and 1987 convictions qualify Webb for the mandatory life sentence under § 3559.  Because trial counsel's failure to challenge Webb's 1972 conviction was not deficient performance, and the failure to challenge Webb's 1980 conviction did not prejudice Webb's defense, Webb's ineffective assistance claim fails.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

Last, Webb asserts the earlier convictions were elements of the current offense, and should have been pleaded in the indictment and submitted to the jury for finding beyond a reasonable doubt.  Webb's assertion is foreclosed by our decision in Davis, 260 F.3d at 969.

We affirm the district court's denial of Webb's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-