# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3049

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kevin Hatch, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: April 5, 2004

Filed: April 8, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kevin Hatch pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846. The district court[1] departed downward to a Category I criminal history and sentenced Hatch to the statutory minimum 120 months in prison and 5 years supervised release. On appeal Hatch argues the district court should not have assessed a criminal history point for a $75 fine he received in Nebraska for possessing

_____

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

drug paraphernalia. He argues, as he did below, that this offense was "similar to" the excluded offenses listed in U.S.S.G. § 4A1.2(c)(1), because Nebraska punishes possession of drug paraphernalia similarly to or less severely than the excluded offenses listed in section 4A1.2(c)(1); and if his drug-paraphernalia offense were not counted, he would be eligible for safety-valve relief. Hatch alternatively asks this court to apply the rule of lenity and reduce his criminal history category.

We review de novo the district court's interpretation of Chapter Four of the Sentencing Guidelines, and for clear error the court's application of Chapter Four to the facts. See United States v. Strange, 102 F.3d 356, 361 (8th Cir. 1996); United States v. Jenkins, 989 F.2d 979, 980 (8th Cir. 1993) (clear-error standard applies to determinations regarding similarity of prior offense to excluded offenses listed under § 4A1.2(c)). Chapter Four provides that certain misdemeanors and petty offenses--including careless or reckless driving, contempt of court, providing false information to a police officer, gambling, prostitution, and resisting arrest--as well as offenses "similar to them" are not counted in a defendant's criminal history score unless they resulted in at least 1 year probation or 30 days imprisonment, or they are "similar to" the instant offense. See U.S.S.G. § 4A1.2(c)(1). Although we have recognized that possessing drug paraphernalia is not in "the category of excepted offenses *listed* in section 4A1.2(c)," see United States v. Moore, 245 F.3d 1023, 1025 (8th Cir. 2001) (emphasis added), we have yet to consider whether possessing drug paraphernalia is "similar to" any of the excluded offenses listed in section 4A1.2(c).

We interpret the phrase "similar to" as having its dictionary meaning of "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." See United States v. Mitchell, 941 F.2d 690, 691 (8th Cir. 1991); see also United States v. Webb, 218 F.3d 877, 880-81 (8th Cir. 2000) (citing Mitchell and noting "similar to" as used in § 4A1.2(c) has normal, dictionary meaning; parenthetically citing United States v. Harris, 128 F.3d 850, 854 (4th Cir. 1997), for proposition that emphasis on elements of offenses comports with plain meaning of

"similar to" as used in § 4A1.2(c)), cert. denied, 531 U.S. 1131 (2001).  Although Nebraska may punish possession of drug paraphernalia less severely than it does many of the excluded offenses listed in section 4A1.2(c)(1), we do not believe this fact alone controls.  We conclude the district court did not clearly err in determining that possession of drug paraphernalia is not "similar to" the excluded offenses.  Cf. Jenkins, 989 F.2d at 979 (noting that how Nebraska law views offense does not determine how Guidelines view offense); Mitchell, 941 F.2d at 691 ("similar to" means "resembling in many respects"); United States v. Martinez-Santos, 184 F.3d 196, 205 (2d Cir. 1999) (noting that "similar to" inquiry should not be limited to comparison of punishments); United States v. Elmore, 108 F.3d 23, 26-27 (3d Cir.) (focusing on elements of offenses and concluding that possession of drug paraphernalia was not "similar to" listed disorderly-conduct offense), cert. denied, 522 U.S. 837 (1997).

Finally, we note that the district court departed downward to a Category I criminal history before it sentenced Hatch, and thus his alternative request is moot.

Accordingly, we affirm.

_____