# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4076

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Thomas A. Bridge, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 2004
Filed: July 28, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Thomas A. Bridge appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. We affirm.

At sentencing, the district court assigned 1 criminal history point to each of Bridge's two prior convictions for possession of drug paraphernalia, raising his point total to 4 and placing him in criminal history Category III. Bridge argues that the

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

court clearly erred in assessing these criminal history points because the offense is similar to those listed in U.S.S.G. § 4A1.2(c). We, however, have recently determined that possession of drug paraphernalia is not similar to the category of offenses listed as excepted in section 4A1.2(c)(1). See United States v. Hatch, 94 Fed. Appx. 427, 429 (8th Cir. 2004) (unpublished per curiam); see also United States v. Moore, 245 F.3d 1023, 1025 (8th Cir. 2001). And we now conclude that it is not similar to the category of offenses listed in section 4A1.2(c)(2), because (1) possession of drug paraphernalia is an offense of prohibitions, cf. United States v. Webb, 218 F.3d 877, 881 (8th Cir. 2000) (conviction for being minor in possession of alcohol represented violation of specific liquor control law, rather than being merely reflective of status crime, and as "offense of prohibitions," it did not belong to category of offenses listed in section 4A1.2(c)(2)), cert. denied, 531 U.S. 1131 (2001); and (2) under Nebraska law, this offense requires proof of criminal intent, see Neb. Rev. Stat. Ann. § 28-441 (Michie 2003) ("unlawful for any person *to use*, or to possess with *intent to use*, drug paraphernalia to manufacture, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance" (emphasis added)); cf. United States v. Sandoval, 152 F.3d 1190, 1192 (9th Cir.1998) ("Unlike the offenses listed in U.S.S.G. § 4A1.2(c)(2), petty theft requires proof of criminal intent."), cert. denied, 525 U.S. 1086 (1999).

We also reject Bridge's argument that, because these were uncounseled convictions, the district court erred in assigning criminal history points. Cf. U.S.S.G. § 4A1.2 comment. (background) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.").

Accordingly, we affirm the judgment of the district court.

_____