# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2246

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Robin M. Parsons, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2004
Reheard: April 11, 2005
Filed: May 26, 2005 **(Corrected 6/17/05)**

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Robin M. Parsons pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1957. At sentencing, the district court[1] adopted the unobjected-to final presentence report, which calculated a Guidelines imprisonment range of 30-37 months. Parsons moved for a downward departure under U.S. Sentencing Guidelines

_____

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Manual § 5K2.0, arguing that his case was outside the heartland and citing United States v. Woods, 159 F.3d 1132 (8th Cir. 1998). The government responded that Woods was distinguishable and that Parsons's case was not outside the heartland. The district court denied the downward-departure motion, saying:

> With respect to the motion for a downward departure under Section 5K2, the Court is going to deny the motion.
>
> I have studied this very carefully, because I think that these were important issues raised by [defense counsel]; but having read the Woods case carefully, I have to agree with [the government's] analysis of that case. It is somewhat different, although some of the aspects of it are the same. I think that it's probably not good precedent for this particular situation. So the Court feels that the motion must be denied.

The district court sentenced Parsons to two concurrent terms of 30 months in prison and two concurrent three-year terms of supervised release. Parsons appeals. For the reasons discussed below, we affirm.

I.

In his initial appellate brief, Parsons argues that the district court erred by denying his motion for a downward departure, relying chiefly on Woods.

Woods was a case involving a defendant who had filed for bankruptcy without disclosing her ownership of certain stock. She engaged in money laundering by selling the stock for $16,045, failing to disclose the transaction to the bankruptcy trustee, and depositing the proceeds into her husband's bank account. See Woods, 159 F.3d at 1133. The district court departed downward, concluding that her case was outside the heartland because her conduct was not of the type that the Sentencing Commission had intended to punish under the money-laundering Guideline. We affirmed, holding that the district court was within its discretion to determine that

Woods's conduct did not constitute the serious or aggravated money laundering at which the Guideline was primarily directed. See id. at 1134-36.

In the instant case, the district court stated that it had read Woods and had concluded that the circumstances of Parsons's case were not sufficiently similar to the circumstances present in Woods. The act of measuring one defendant's case against another defendant's case to determine whether it is outside the heartland is a quintessential district court function. The district court's discretionary decision to deny Parsons's downward-departure motion is therefore unreviewable on appeal. See United States v. Mohr, 382 F.3d 857, 861 (8th Cir. 2004) (a district court's denial of a defendant's downward-departure motion is unreviewable where, after recognizing the case authority authorizing a departure on the basis asserted by the defendant, the district court decides a departure is not warranted in the defendant's case).

II.

In his briefs filed on rehearing, Parsons argues that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005). There are two components to his argument. First, he contends that the district court committed Sixth Amendment error by enhancing his sentence under the Guidelines based on the amount of loss. Second, he contends that the district court erred by applying the Guidelines as mandatory rather than advisory. It is clear from the record that Parsons did not properly preserve an objection to either of these matters below, such as by asserting a Sixth Amendment right to have a jury find the amount of loss beyond a reasonable doubt, by arguing that Apprendi v. New Jersey, 530 U.S. 466 (2000), applied to Guidelines enhancements, or by arguing that mandatory application of the Guidelines was unconstitutional. See United States v. Pirani, No. 03-2871, 2005 WL 1039976, at **3-4 (8th Cir. Apr. 29, 2005) (en banc). Thus, our review is for plain error. See id.

As to Parsons's contention that the district court's enhancement of his sentence under the Guidelines based on the amount of loss violated the Sixth Amendment, we

conclude that there is no error at all, let alone plain error. Because Parsons admitted in his plea agreement that the amount of loss attributable to him was between $1.5 million and $2.5 million, requiring a 12-level enhancement under the Guidelines, this enhancement of his sentence does not violate Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)); United States v. Webb, 403 F.3d 373, 381 (6th Cir. 2005) (no Sixth Amendment violation occurred where the defendant admitted in his plea agreement that his machine gun was a destructive device and was stolen, and the district court enhanced his sentence under the Guidelines on those grounds).

Moreover, even if there had been a Sixth Amendment violation, the remedy that Parsons requests–that a jury determine the amount of loss–is not the remedy for Sixth Amendment violations prescribed by the Supreme Court. See Booker, 125 S. Ct. at 757 (refusing to engraft a jury trial requirement onto the system of mandatory Guidelines, and instead severing and excising statutory sections to render the Guidelines advisory). Finally, the development in the law announced by Booker subsequent to Parsons's guilty plea does not invalidate his plea. See Brady v. United States, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); United States v. Sahlin, 399 F.3d 27, 31 & n.3 (1st Cir. 2005) (rejecting the defendant's arguments that his pre-Booker plea was unknowing and involuntary in light of Booker).

Turning to Parsons's contention that the district court erred by applying the Guidelines as mandatory rather than advisory, we conclude that he cannot satisfy his burden under the third prong of the plain-error test to demonstrate that this error affected his substantial rights, i.e., to show a reasonable probability that he would have received a more favorable sentence under advisory Guidelines. See Pirani, 2005

WL 1039976 at **4-5. Parsons was sentenced at the bottom of the Guidelines range, but this fact "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence" under advisory Guidelines. See id. at *7. Parsons directs our attention to the following statement by the district court at sentencing:

> And just for the record, the Court finds that the sentence that is called for by the Sentencing Guidelines is appropriate in this case. Actually, I think it might be slightly high, but it's close, and the Court finds no reason to depart from the guidelines sentence that is indicated by the Sentencing Guidelines in this case.

(Sent. Tr. at 23.)

Parsons, of course, focuses on the district court's remark that "I think it might be slightly high," but that remark must be read in the context of the district court's finding "that the sentence that is called for by the Sentencing Guidelines is appropriate in this case," and its awareness of its authority to grant Parsons a downward departure and its discretionary decision not to do so. Viewed in its entirety, this passage is equivocal at best. Because "we would have to speculate" about whether the district court would have imposed a lesser sentence under advisory Guidelines, Parsons has not satisfied his burden to show a reasonable probability under the third prong of the plain-error test. See Pirani, 2005 WL 1039976 at *7 (quoted source and internal marks omitted).

### III.

Accordingly, we affirm the judgment of the district court.

_____