# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2849

_____

United States of America,            *
                                      *
            Appellee,                 *
                                      *    Appeal from the United States
      v.                              *    District Court for the
                                      *    Eastern District of Missouri.
Corey Owens,                          *
                                      *    [UNPUBLISHED]
            Appellant.                *

_____

Submitted: March 7, 2005
Filed: July 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Corey Owens appeals the sentence the district court[1] imposed after he pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court should not have applied a career-offender enhancement because to do so it had to determine, in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), that Owens's prior convictions were crimes of violence or controlled-substance offenses; counsel

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

concedes, however, that Owens explicitly admitted to career-offender status in his plea agreement. Owens has filed a pro se supplemental brief and a "Summary of Arguments," arguing that his plea was not knowing and voluntary in light of <u>Blakely</u>.

Counsel's argument fails. <u>See</u> <u>United States v. Lucca</u>, 377 F.3d 927, 934 (8th Cir. 2004) (holding that <u>Blakely</u> was not implicated where defendant was sentenced based solely upon facts admitted as part of guilty plea); <u>cf.</u> <u>United States v. Nolan</u>, 397 F.3d 665, 667 & n.2 (8th Cir. 2005) (where district court applied Armed Career Criminal Act after finding that defendant had 2 predicate-offense convictions, no <u>Blakely</u>/<u>Booker</u>[2] issue existed because Supreme Court has consistently held that facts of prior convictions are for court to determine, not jury). The pro se argument also fails. <u>See</u> <u>United States v. Parsons</u>, 408 F.3d 519, 521-22 (8th Cir. 2005) (per curiam) (development in law announced by <u>Booker</u> subsequent to defendant's guilty plea did not invalidate plea).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____

[2]<u>United States v. Booker</u>, 125 S. Ct. 738 (2005).