# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 03-4076

————————

United States of America,

              Appellee,

v.

Thomas A. Bridge,

              Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

————————

Submitted: July 7, 2004
Filed: July 14, 2005

————————

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

————————

PER CURIAM.

Thomas A. Bridge pleaded guilty to a charge of conspiring to distribute and possess with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. At sentencing, the district court[1] determined that Bridge's base offense level was 32 and imposed a two-level upward enhancement for obstruction of justice (to which Bridge had agreed in his plea agreement) pursuant

———————————

[1]The Honorable Richard C. Kopf, Chief Judge, United States District Court for the District of Nebraska.

to U.S. Sentencing Guidelines Manual § 3C1.1, and a two-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1. The applicable sentencing range for Bridge, as a Level 32, Criminal History Category III offender, was 151-188 months. The district court sentenced him to 151 months, at the bottom of the Guidelines range. On direct appeal, Bridge contested only his criminal history calculation, and we affirmed. United States v. Bridge, 378 F.3d 838 (8th Cir. 2004).

The Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004), on June 14, 2004, about one month before our panel decision issued in Bridge's case. In August 2004 Bridge filed a petition for both panel and en banc rehearing in which he asserted in general terms, and for the first time, that the Guidelines were unconstitutional. An order was entered on September 14, 2004, denying panel rehearing and rehearing en banc, and our mandate was issued. Pursuant to an Administrative Order of this court issued on September 27, 2004, we withdrew the mandate in the case until after the Supreme Court issued opinions in United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005). See Administrative Order Regarding Blakely Cases, United States Court of Appeals for the Eighth Circuit, Sept. 27, 2004. After reviewing the sentencing transcript and Bridge's sentencing claims in light of Booker, we now order the mandate to issue.

We have recognized that a defendant has preserved an argument that a Booker/Blakely error occurred where the defendant made an argument below that relied on Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely, or argued that the Guidelines were unconstitutional. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Because Bridge did not properly preserve the alleged Booker/Blakely error before the district court, we review his argument for plain error. See id. ("Errors not properly preserved are reviewed only for plain error under rule 52(b) of the Federal Rules of Criminal Procedure, as construed in [United States v. Olano, 507 U.S. 725, 731 (1993),] and its progeny."). In order to establish that plain

error occurred, Bridge has the burden of establishing that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 550. If Bridge establishes all three of these conditions, then we may, in our discretion, address the forfeited error where we conclude that the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id.

Bridge first argues that the district court committed Sixth Amendment error by applying a two-level upward adjustment for obstruction of justice. We conclude that there was no error in applying the enhancement because Bridge admitted the facts necessary to support the enhancement and agreed to the enhancement as a specific term of his plea agreement. See Booker, 125 S. Ct. at 756; Parsons, 408 F.3d 519, 521 (8th Cir. 2005). Bridge also contends that the district court erred by applying the Guidelines as mandatory. We agree that the district court committed plain error by applying the Guidelines in a mandatory fashion, and therefore the first two prongs of the Olano test are established. Pirani, 406 F.3d at 550. However, in order to satisfy the third factor of plain error review, Bridge must establish a reasonable probability that but for the error at sentencing he would have received a more favorable sentence, id. at 552, and Bridge has not made such a showing. The sentencing transcript contains nothing to indicate that Bridge would have received a lesser sentence if the Guidelines had been advisory. The fact that Bridge was sentenced at the bottom of the Guidelines range "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. at 553; United States v. Lincoln, 408 F.3d 522, 527-28 (8th Cir. 2005). "For an error to affect substantial rights, it must generally have affected the outcome of the proceedings below, and a defendant has not met that burden if the effect of an error is uncertain." United States v. Johnson, 408 F.3d 535, 539 (8th Cir. 2005) (internal citation omitted). And because Bridge has not satisfied the third Olano factor, "we need not consider the fourth Olano factor, whether to exercise our discretion to review a plain error because it seriously affects the fairness, integrity,

-3-

or public reputation of judicial proceedings." <u>Pirani</u>, 406 F.3d at 553 (internal marks and citation omitted).

For the reasons stated, we again deny Bridge's petition for panel rehearing, affirm the judgment of the district court, and order the mandate to issue.

_____