# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3814

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| James Lasley, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: December 7, 2005
Filed: December 15, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

James Lasley (Lasley) pled guilty to abusive sexual contact. See 18 U.S.C. §§ 1153, 2244(a)(1). Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the district court[1] sentenced Lasley to 96 months' imprisonment and 3 years' supervised release. On appeal, Lasley's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing Lasley's guilty plea was involuntary and should not have been accepted because Lasley indicated he was

_____

[1] The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

not guilty in his petition to plead guilty, and Lasley's sentence was imposed in violation of United States v. Booker, 125 S. Ct. 738 (2005). In his pro se supplemental brief, Lasley asserts his previous counsel was ineffective and requests new counsel.

We hold Lasley's guilty plea is valid. Although in his guilty-plea petition Lasley responded negatively to a question asking if he was guilty, he subsequently affirmed to the district court, under oath, he wished to plead guilty and was in fact guilty; he understood the charge, the rights he would waive by pleading guilty, and the sentence he would receive; and no one had threatened him or coerced him into pleading guilty. When asked, he did not dispute the factual basis for the plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Parsons, 408 F.3d 519, 521-22 (8th Cir. 2005) (per curiam) (developments in law announced by Booker subsequent to defendant's guilty plea did not invalidate that plea).

Additionally, Lasley cannot challenge the sentence to which he stipulated in his Rule 11(c)(1)(C) plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). This is so even after Booker. See United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005). Any ineffective-assistance claim should be raised in 28 U.S.C. § 2255 proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issue. Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and deny Lasley's request for new counsel.

_____