# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1015

_____

United States of America,

        Appellee,

v.

Kelly Thomas Rieland,

        Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    District of Minnesota.
\*
\*    [PUBLISHED]
\*

_____

Submitted: September 12, 2005
Filed: January 3, 2006

_____

Before ARNOLD, HANSEN, and GRUENDER, Circuit Judges.

_____

HANSEN, Circuit Judge.

Kelly Thomas Rieland appeals the judgment of the district court[1] entered after he pleaded guilty to one count of conspiring to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and one count of possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). He argues that he is entitled to be resentenced in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756-57 (2005) (rendering the United

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

States Sentencing Guidelines "effectively advisory" rather than mandatory). We affirm.

I.

In December 2003, Mr. Rieland was charged with six counts of drug trafficking and firearm related offenses. In April 2004, he pleaded guilty to one count of conspiracy to distribute methamphetamine and one count of carrying a firearm in relation to a drug trafficking crime, in exchange for the Government's agreement to dismiss the remaining counts against him.

The plea agreement stated that Mr. Rieland would be sentenced in accordance with the Sentencing Guidelines, and the parties stipulated to the factors that would be used at sentencing. The agreed-upon drug quantity triggered a base offense level of 26, and the Government promised to move for a 3-level reduction for acceptance of responsibility. The parties stipulated that no specific offense characteristics were applicable. Assuming a base offense level of 23 and a criminal history category of V, the plea agreement established a sentencing range of 84 to 105 months of imprisonment on the drug count, plus a statutorily mandated 60-month consecutive sentence on the firearm offense. The parties further agreed that there should be no upward or downward departure from the applicable Guidelines range.

The district court adopted the stipulated facts and sentenced Rieland to 84 months of imprisonment on the drug count (the bottom end of the stipulated sentencing range), and a mandatory 60-month consecutive sentence on the firearm offense. Less than a month after Rieland's sentencing hearing, the Supreme Court decided Booker and declared that the Guidelines must be applied as advisory only rather than mandatory. 125 S. Ct. at 756-57. Rieland now appeals, arguing that he is entitled to be resentenced under an advisory Guidelines scheme.

## II.

We first consider whether Mr. Rieland preserved this claim of error. Mr. Rieland was sentenced after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but prior to the Court's decision in Booker. In the plea agreement, the parties attempted to avoid all Blakely-type issues by stipulating the sentencing factors, identifying an appropriate Guidelines sentencing range, and agreeing that no departures from that range were warranted. This agreement was binding on the parties but not on the court. The agreement was silent on the mandatory or advisory nature of the Sentencing Guidelines and did not reference any challenge on this basis.

At the first sentencing hearing, Mr. Rieland raised an issue concerning the constitutionality of the Guidelines in a pro se motion, and at the same time, he sought to terminate his counsel's representation and contested the mandatory nature of the statutory requirement that the 60-month firearm sentence must run consecutive to the sentence on the drug count. Because his attorney had not yet had an opportunity to speak with Mr. Rieland about the pro se motions, the district court continued the sentencing hearing to permit Mr. Rieland an opportunity to consider whether or not he wished to proceed with his counsel's representation or on his pro se motions.

At the second scheduled sentencing hearing, Mr. Rieland indicated a desire to proceed with his attorney representing him. The court then sentenced Mr. Rieland, after thoroughly explaining the mandatory nature of the statutory consecutive sentence requirement. No objections were raised, renewed, or revived concerning the constitutionality of the Guidelines or the sentence, and Rieland's counsel conceded at oral argument on appeal that this issue has not been preserved. Accordingly, we review only for plain error. United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005).

The district court understandably treated the Guidelines as mandatory, and we now know this to be error that is plain under <u>Booker</u>, satisfying the first two prongs of plain error analysis. <u>Pirani</u>, 406 F.3d at 550, 553. To satisfy the third-prong of the plain error test, however, the defendant must demonstrate a reasonable probability that he would have received a more favorable sentence had the court known that the Guidelines were advisory. <u>Id.</u> at 552; <u>United States v. Jimenez-Gutierrez</u>, 425 F.3d 1123, 1125 (8th Cir. 2005).

Mr. Rieland does not argue that the district court would have imposed a more favorable sentence under an advisory Guidelines scheme, but in any event, the record would not support such a contention. Although the district court sentenced him at the bottom of the agreed-upon sentencing range, "this fact 'is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence' under advisory Guidelines." <u>United States v. Parsons</u>, 408 F.3d 519, 522 (8th Cir. 2005) (quoting <u>Pirani</u>, 406 F.3d at 553). The district court did not express any dissatisfaction or frustration with the mandatory Sentencing Guidelines range as applied to Mr. Rieland. At the rescheduled sentencing hearing, the district court recognized that Mr. Rieland's sentencing range was "extensive" and explained why the court chose to sentence him at the bottom of that range:

> I went to the bottom end in hopes that a young man might have a future before he's done, and I hope very much that you pick better people to listen to and better people from whom to get advice, and ultimately, you tell me that you have made major changes in your own world view.

(Sent. Tr. Part II at 21.) This colloquy indicates that the district court, after considering the nature and circumstances of Mr. Rieland's offense as well as his character, was hopeful that Mr. Rieland could change his life if given the opportunity. However, the court did not indicate that the bottom end of the agreed upon Guidelines range was more than necessary in order to provide the rehabilitative opportunity in this case, nor did the court indicate that the range in the plea agreement was excessive

-4-

punishment or too harsh. In fact, our review of the whole record informs us that the district court had conscientiously warned Mr. Rieland to think carefully before proceeding with a pro se motion to invalidate his plea agreement precisely because it offered him such beneficial terms. We find no indication in the record that the district court would have imposed a more lenient sentence had the court known the Guidelines were advisory, and if we are left to speculate about whether the court would have imposed a lesser sentence, the defendant has not met his burden under the plain error test. See Parsons, 408 F.3d at 522.

III.

Accordingly, we affirm the judgment of the district court.

_____