# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1835

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Raymond Patrick Jimenez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 5, 2007
Filed: September 18, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Raymond Patrick Jimenez pleaded guilty to conspiring to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and the district court[1] sentenced him to 121 months in prison and 5 years of supervised release. Jimenez appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the government's failure to move for a downward departure, and the assessment of two criminal history points for his prior sentences. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

The plea agreement did not include language discussing the possibility of a downward departure in exchange for substantial assistance, see United States v. Godinez, 474 F.3d 1039, 1044 (8th Cir. 2007) (noting government does not have duty to move to depart based on substantial assistance unless plea agreement created one), and Jimenez did not attempt at sentencing to overcome the presumption of validity accompanying his prior state convictions cited in the presentence report, see United States v. Moore, 245 F.3d 1023, 1025 (8th Cir. 2001), or to prove by a preponderance of the evidence that his convictions were constitutionally invalid, see United States v. Stapleton, 316 F.3d 754, 756 (8th Cir. 2003). Rather, defense counsel conceded that he had obtained the records for the conviction questioned by Jimenez, and that the conviction was valid; and we find that the court's criminal history calculation was correct, see U.S.S.G. § 4A1.1(c); § 4A1.2(c)(1).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. We note, however, that the oral pronouncement of Jimenez's sentence, which governs, conflicts with the written judgment. See United States v. Weir, 724 F.2d 94, 95 (8th Cir. 1984) (per curiam) (oral sentence and not written order constitutes actual judgment of court); United States v. Raftis, 427 F.2d 1145, 1146 (8th Cir. 1970) (per curiam) (oral pronouncement prevails over contrary judgment). We therefore direct the district court to modify the written judgment, which currently reflects a sentence of 120 months in prison, to conform to the oral pronouncement of a 121-month sentence.

Accordingly, we affirm the judgment of the district court, as modified, and grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____