# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1033

_____

United States of America

*Plaintiff - Appellee*

v.

Fernando Hernandez-Beltran

*Defendant - Appellant*

_____

No. 17-2120

_____

United States of America

*Plaintiff - Appellee*

v.

Fernando Hernandez-Beltran

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: April 5, 2018
Filed: April 17, 2018
[Unpublished]
_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Fernando Hernandez-Beltran directly appeals the sentence the district court[1] imposed after he pleaded guilty to illegal reentry after removal from the United States subsequent to an aggravated felony conviction.[2] His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), discussing whether an enhancement Hernandez-Beltran received under U.S.S.G. § 2L1.2(b) for a prior North Dakota felony conviction was appropriate. In a pro se submission, Hernandez-Beltran states that his guilty plea was invalid, arguing that because he received ineffective assistance of counsel in the criminal case leading to his North Dakota conviction, he should not have received an enhancement based on that conviction.

_____

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota, now United States Circuit Judge.

[2]At the time of his guilty plea and sentencing, Hernandez-Beltran was serving a term of supervised release for an earlier conviction. The district court revoked his supervised release and imposed a revocation sentence. Although Hernandez-Beltran's notice of appeal was filed in the revocation proceeding, his counsel has conceded that the appeal is limited to his new conviction. We therefore dismiss No. 17-1033, which was docketed as an appeal from that judgment.

After careful review, we conclude that the 8-level section 2L1.2(b) enhancement Hernandez-Beltran received was not plainly erroneous under the 2016 Sentencing Guidelines in effect at the time of his sentencing. See U.S.S.G. § 2L1.2(b)(2)(B) (providing for 8-level increase if before defendant was first ordered removed, defendant sustained non-illegal-reentry felony conviction for which sentence imposed was two years or more); United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014) (procedural errors not objected to at sentencing are reviewed for plain error). Further, Hernandez-Beltran may not collaterally attack the North Dakota conviction used to enhance his sentence by claiming he received ineffective assistance of counsel in that case. See United States v. Walker, 202 F.3d 1066, 1067 (8th Cir. 2000) (ineffective-assistance-of-counsel claims may not be used as basis for collateral attack on prior convictions used for federal sentence enhancements).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, in No. 17-2120, we affirm the judgment and we grant counsel's motion to withdraw.

_____