# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1188
_____

United States of America

*Plaintiff - Appellee*

v.

Roberto Ivan Villasenor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: July 8, 2024
Filed: July 11, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Roberto Villasenor appeals after he pleaded guilty to failing to register as a sex offender. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. Villasenor has filed a supplemental pro se brief, arguing that the

district court[1] erred in considering prior state convictions, that the instant conviction was invalid because it was predicated on an invalid state conviction, and that his federally appointed counsel provided ineffective assistance.

Upon careful review, we conclude that the district court did not err in considering his underlying lascivious-acts conviction or in assessing criminal history points based on it because the record does not indicate that it was reversed, vacated, or invalidated. See U.S.S.G. § 4A1.2 n.6; United States v. Moore, 245 F.3d 1023, 1025 (8th Cir. 2001). While Villasenor argues that this conviction was invalid because he did not have effective assistance of counsel, this challenge amounts to an improper collateral attack on a prior state conviction, and the record indicates that he had counsel during the state proceedings. See Moore, 245 F.3d at 1026; United States v. Valdez, 146 F.3d 547, 552-53 (8th Cir. 1998). As to Villasenor's juvenile adjudication, no criminal history points were assessed, and the record does not show that the court considered it in imposing the sentence. As to Villasenor's argument that his instant conviction is invalid because the underlying state conviction was invalid, neither the Sex Offender Registration and Notification Act, nor the statute of conviction, permit such collateral attacks. See United States v. Diaz, 967 F.3d 107, 109 (2d Cir. 2020) (per curiam); cf. Custis v. United States, 511 U.S. 485, 490-97 (1994).

We further conclude that the sentence is not substantively unreasonable, as the record reflects that the district court properly calculated the Guidelines range and considered the sentencing factors, and there is no indication the court overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). Villasenor's argument

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

that his federally appointed counsel was ineffective is not ripe for review, as the record is undeveloped. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____